THE HUSTISFORD FARMERS' MUTUAL INSURANCE COMPANY, Respondent, vs. THE CHICAGO, MILWAUKEE & ST. PAUL RAILWAY COMPANY, Appellant.

*March 22 — April 6, 1886.*

*Town insurance company: Power to take assignment of claim.*

A town insurance company, organized under ch. 103, Laws of 1872, which has been compelled to pay a loss caused by a fire started through the negligence of a railroad company, may take an assignment from the assured of the whole claim for damages, exceeding the amount paid by it, and recover the full amount thereof from the railroad company. *Dietrich v. Madison Relief Ass'n,* 45 Wis. 79, distinguished.

APPEAL from the Circuit Court for *Jefferson* County. The case is sufficiently stated in the opinion.

For the appellant there was a brief signed by *John W. Cary,* attorney, and *F. W. Downer, Jr.,* of counsel, and the cause was argued orally by *Mr. Downer* and *Mr. Burton Hanson.* They contended, *inter alia,* that the plaintiff had no power or authority to take an assignment from Schwantes of his claim against the defendant. The powers of the plaintiff are such, and only such, as the statute confers. *Thomas v. Railroad Co.* 101 U. S. 79; *M., W. & M. P. R. Co. v. W. & P. P. R. Co.* 7 Wis. 59; *Rock River Bank v. Sherwood,* 10 id. 230; *Waldo v. C., St. P. & F. du L. R. Co.* 14 id. 575; *N. W. U. Packet Co. v. Shaw,* 37 id. 655; *Dietrich v. Madison Relief Ass'n,* 45 id. 79; *Luthe v. Farmers' M. F. Ins. Co.* 55 id. 543; *Davis v. Old Colony R. Co.* 131 Mass. 258; *Downing v. Mt. Washington Road Co.* 40 N. H. 231; *Trenton Mut. L. & F. Ins. Co. v. McKelway,* 12 N. J. Eq. 133; *Rochester Ins. Co. v. Martin,* 13 Minn. 59; *Singleton v. S. W. R. Co.* 70 Ga. 464; *N. Y. F. Ins. Co. v. Ely,* 5 Conn. 560; *Bacon v. Miss. Ins. Co.* 31 Miss. 116; *Franklin Co. v. Lewiston Sav. Bank,* 68 Me. 43; *Straus v. Eagle Ins. Co.* 5 Ohio St. 59; *Kansas Ins. Co. v. Craft,* 18

Kan. 283; Green's Brice's Ultra Vires, 28, 29, 90, 92; Field on Corp. sec. 54; 1 Wood on Railways, 466–491.

For the respondent there was a brief by *Hall & Skinner*, attorneys, and *Geo. W. Bird*, of counsel, and oral argument by *Mr. Hall* and *Mr. Bird*. To the point that the plaintiff had power to take the assignment under the circumstances of this case, as one of its implied and incidental powers, they cited *Clark v. Farrington*, 11 Wis. 306; *M., W. & M. P. R. Co. v. W. & P. P. R. Co.* 5 id. 173; *S. C.* 7 id. 59; *Excelsior F. Ins. Co. v. Royal Ins. Co.* 55 N. Y. 343; *Home Ins. Co. v. N. W. Packet Co.* 32 Iowa, 223; *Atlantic Ins. Co. v. Storrow*, 1 Edw. Ch. 621; *Garrison v. Memphis Ins. Co.* 19 How. 312; *Small v. C., R. I. & P. R. Co.* 55 Iowa, 582.

COLE, C. J. The plaintiff is a town insurance company, organized in April, 1875, under ch. 103, Laws of 1872. It issued its policy to one Gottlieb Schwantes, insuring him against loss or damage by fire or lightning to the amount of $800 on his buildings and personal property therein. During the life of the policy a loss occurred which was occasioned, as the jury found, by a fire starting on the defendant's right of way, and extending to the adjacent premises of the insured. The jury also found that the defendant was guilty of negligence in not keeping its right of way free from dry grass and other combustible material, which occasioned the loss. The insured sustained a loss by the destruction of his property exceeding the amount of his policy. The plaintiff paid him under its policy $626 in full payment and settlement thereof, and took an assignment of his entire claim for damages against the defendant. The plaintiff seeks to recover of the defendant $866, being to the full extent of the loss as alleged in the complaint, which the insured sustained, and under the ruling of the trial court had judgment for that amount, together with interest from

the commencement of the suit. The real question in the case is as to the correctness of this ruling. On the part of the defendant it is insisted that the plaintiff had no power or authority to take an assignment from Schwantes of his claim against the defendant; that such assignment was void, and cannot be made the basis of an action against the defendant; that if the plaintiff is entitled to recover at all, it is only by reason of its right to be subrogated to the position of the insured to the extent of the amount paid him on its policy. To this it is said, on the other side, that if the plaintiff had not owned a part of the claim against the defendant for the loss at the time of the assignment it well might be that it could not purchase and enforce it; but, under the circumstances, the assignment was not *ultra vires*, because the plaintiff did in fact, by the payment of its policy, become the owner of a large part of the claim, which was indivisible, and that there is no principle of law which would prevent it from acquiring the interest of the insured therein and recovering the whole claim.

We are disposed to adopt the latter view as correct. It is said the assignment in question was absolutely void as being taken by the plaintiff without either the express or implied authority of law. The statute authorizing the formation of these town insurance companies provides that the corporation so organized "shall possess the usual powers, and be subject to the usual duties, of corporations." Sec. 1, ch. 103. This, of course, restricted the company to the business of insuring the class of property mentioned and situated within the specified limits. In issuing its policy to Schwantes it is not pretended that the plaintiff exceeded its powers in any respect. It merely transacted the business it was authorized by law to do, in the ordinary way, and by the usual means. When a loss occurred on its policy it had to make good its obligation. On paying the loss it had, upon well-established principles, a right of action against

the defendant, without any assignment of such right by the assured, for the amount which it had been compelled to pay. In this case, as the property destroyed exceeded in value the amount of the policy, the plaintiff and Schwantes might have united in an action against the defendant to recover their respective claims. *Swarthout v. C. & N. W. R. Co.* 49 Wis. 625. And it seems to us, under the circumstances, that the plaintiff had the power to settle with the insured when a loss occurred, and to take an assignment, because this might be necessary or convenient for the transaction of its business. We perceive no valid reason for saying the plaintiff had no capacity to take an assignment upon the facts of the case, or that it was prohibited by law from doing so. The plaintiff may not purchase and take an assignment of a claim where it has no interest; but where it becomes the absolute owner of a part of the claim, while acting within the scope of its granted powers, why may it not acquire the rest of the claim by assignment, and enforce it? It can certainly work no hardship or oppression to the wrong-doer. There can be no doubt of the soundness of the proposition that the powers of a corporation organized under a statute are such as the statute specifically confers, or such as are necessary for the purpose of carrying into effect the powers expressly granted. This court has frequently, in its decisions, sanctioned this principle, and we do not intend to decide anything in conflict with that doctrine here. We do not feel called upon to go over our decisions, to which we were referred on the argument.

*Dietrich v. Madison Relief Ass'n*, 45 Wis. 79, is much relied upon by defendant's counsel to sustain the position that the assignment in this case was void; but that case is not in point, as an examination of its facts will show. The company there was restricted to the business of insuring the lives of its members for the relief of their widows and children. Dietrich, whose life was insured, assigned his

agreement or policy to the company as security for certain notes executed or transferred by him to it for loans of money. This assignment was held void at the suit of the heirs because it was made to secure a loan of money,— a business transaction which the company had no right to engage in. But here the insurance and recovery of the loss from the defendant were strictly in the line of the plaintiff's business, and, as it owned a part of the claim, it might properly take an assignment of the rest, and recover upon it.

*By the Court.*— The judgment of the circuit court is affirmed.

See note to this case in 28 N. W. Rep. 66.— REP.