Filed Nov. 21, 1894.

———————◆———————

No. 16,802.

## The Insurance Company of North America *v.* Martin et al.

PARTIES.—*Necessary Party.—Party in Interest.—Sufficiency of Complaint.—Payment.—Multiplicity of Suits.—Insurance Company.—Subrogation.*—A mortgaged his land to B to secure a loan of $1,000, and as a further security for such sum A procured from C a policy of insurance upon a dwelling house situated upon such land in the sum of $300. Afterwards A conveyed the land to D, without the consent of C and without any assignment of the policy, but upon the agreed consideration, in part, that D should assume and pay the said mortgage. The mortgage clause in the insurance policy provided, among other things, "that whenever this company shall pay to the mortgagee or beneficiary any sum for loss under the policy, it shall at once, and to the extent of such payment, be legally subrogated to all the rights of the party to whom such payment shall be made,

under any and all securities held by such party on the property in question, for the payment of said debt; but such subrogation shall be in subordination to the claim of said party for the value of the debt so secured, or this company, at its option, may pay to the mortgagee or beneficiary the whole of the debt so secured, * * * and shall thereupon receive from the party to whom such payment is made an assignment and transfer of said debt, with all securities held by said party, * * for payment thereof." Soon after the sale to D the dwelling house was destroyed by fire. C paid B the amount of the insurance, $300, and received an assignment of that amount under the note and mortgage, by virtue of the contract of subrogation contained in the policy. C brought suit against D for subrogation, for foreclosure of the mortgage, for personal judgment and for judgment on the note secured by the mortgage to the extent of the assignment and interest, and alleging that the fraction of the debt retained by B, upon the assignment of the part in suit, has been fully paid, the fact of payment being admitted by demurrer. Did the complaint state facts sufficient?

*Held*, that as the complaint contained the allegation of payment of the part of the debt held by B, B was not a necessary party to the action by C against D, B not being a party in interest.

*Held*, also, that the allegation of payment of the part of the indebtedness held by B after the assignment to C was essential to C's recovery and the protection of D against a multiplicity of suits.

SAME.—*Necessary Party.*—*Variance in Description.*—*Insurance Policy.*— *Complaint.*—*Mortgage.*—In such case the complaint and mortgage described the property as the s. w. qr. of section 23, tp. 31, range 8, while in the policy it was described as s. w. qr. of section 23, range 31, tp. 8.

*Held*, that upon the theory (arising upon the variance in description) that the complaint alleges a mortgage security upon one property and an insurance upon another, which other is presumed to have been destroyed as the property of A, A (the mortgagor and vendor) was a necessary party to the action, and not having been made a party, the complaint was fatally defective.

From the Whitley Circuit Court.

*J. A. Finch, F. M. Finch, J. C. Wigent* and *B. E. Gates*, for appellant.

*T. R. Marshall, W. F. McNagney* and *P. H. Clugston*, for appellees.

HACKNEY, J.—In the year 1885, one William Mc-Mannen owned a farm in Whitley county, which he

mortgaged to the Ætna Life Insurance Company to secure a loan of one thousand dollars, and as a further security for said sum he procured from the appellant a policy of insurance upon the dwelling house alleged to be situated upon said farm, in the sum of three hundred dollars.

In 1888, McMannen conveyed said lands to the appellee Stephen Martin, without the consent of the appellant and without any assignment of said policy of insurance, but upon the agreed consideration, in part, that said Martin should assume and pay the amount of said mortgage.

The policy contained the following provisions: "If the insured shall, by voluntary transfer or conveyance, dispose of the property covered by this policy, this policy may be assigned to the party or parties succeeding to the ownership of the property, provided the company shall first consent thereto by indorsement thereon, otherwise this insurance shall cease from date of such change in ownership."

"MORTGAGE CLAUSE.

"It is agreed that any loss or damage that may be ascertained and proved to be due under this policy to the assured, shall be held payable for the account of said assured to Ætna Life Insurance Company mortgagee, subject to the following stipulations:

"1. It is agreed that this insurance, as to the interests of the above-named mortgagee or beneficiary in the trust deed only therein, shall not be invalidated by any act or neglect of the mortgagor or owner of the property insured, nor by the occupancy of the premises for purposes more hazardous than are permitted by the terms of this policy, nor by any change in title or possession, whether by voluntary transfer, legal process or conveyance of the property: *Provided,* that the mortgagee or

beneficiary shall notify this company of any change of ownership, or increase of hazard, which shall come to the knowledge of such mortgagee or beneficiary, and shall have permission for such change of ownership, or such increased hazard, duly indorsed on this policy; *and, provided further,* that every increase of hazard not permitted to the mortgagor or owner shall be paid by the mortgagee or beneficiary, on reasonable demand, and after demand made by the company upon, and refusal by, the mortgagor or owner to pay according to the established scale of rates; the company reserving the right to cancel the policy at any time on the terms in said policy provided, on giving to the mortgagee ten (10) days' notice of their intention so to do, and after said ten (10) days this policy and this agreement shall be void. The foregoing stipulation, however, shall not be held under any circumstances to modify the terms of contribution provided in the printed conditions of this policy in case of other insurance on the same property, it being expressly understood that this insurance is upon the interest of said mortgagor or owner, and that other insurance upon the interest of the mortgagor or owner, or assigns, is to contribute according to said conditions.

"2. It is also agreed that whenever this company shall pay to the mortgagée or beneficiary any sum for loss under this policy, and shall claim that, as to the mortgagor or owner, no liability therefor existed, it shall at once, and to the extent of such payment, be legally subrogated to all the rights of the party to whom such payment shall be made, under any and all securities held by such party on the property in question, for the payment of said debt. But such subrogation shall be in subordination to the claim of said party for the balance of the debt so secured, or this company, at its option, may pay to the mortgagee or beneficiary the whole

of the debt so secured, including such sums as said mortgagee or beneficiary may then have paid for taxes or fire insurance upon the property described in such mortgage or trust deed, pursuant to the terms thereof, with all the interest that may have accrued thereon to the date of such payment, and shall thereupon receive from the party to whom such payment is made an assignment and transfer of said debt, with all securities held by said party on the property in question, for payment thereof.''

Soon after the sale to Martin the dwelling house was destroyed by fire, the appellant paid to the Ætna Life Insurance Company the amount of said insurance and received an assignment of the sum of ''three hundred dollars by and under said mortgage by virtue of the contract of subrogation contained in said mortgage clause of said policy, together with interest from. the date of said assignment, to be collected under said mortgage and subject only to the balance of said mortgage debt and interest due and to become due to said mortgagee, and also an assignment of said sum from and by indorsement upon the note of said McMannen to said Ætna Life Insurance Company. Upon these facts the appellant sued the appellee Stephen Martin, and his wife, the appellee Nancy Martin, in three paragraphs of complaint, the first seeking subrogation, personal judgment against said Stephen and foreclosure against both appellees, the second seeking only a foreclosure, and the third seeking only a judgment upon the note executed by McMannen to the Ætna Life Insurance Company to the extent of the sum of said assignment and interest.

The circuit court sustained the appellees' demurrer to each of said paragraphs of complaint, the causes of demurrer being that each paragraph failed to state facts sufficient to constitute a cause of action, and that there

was a defect of parties defendant, in that said McMannen, his wife, who joined him in said mortgage, and the Ætna Life Insurance Company were proper and necessary parties defendant.

The ruling upon said demurrer is the only alleged error presented by the record and briefs. The first objection by the appellees to the sufficiency of the complaint is upon the question of a defect of parties.

It is settled that assignments of parts of a debt are valid. *Groves* v. *Ruby*, 24 Ind. 418; *Wood* v. *Wallace*, 24 Ind. 226; *Lapping* v. *Duffy*, 47 Ind. 51; *Fordyce* v. *Nelson*, 91 Ind. 447; *Singleton* v. *O'Blenis*, 125 Ind. 151. But, as it was strongly intimated in *Lapping* v. *Duffy*, *supra*, the right to make and enforce such assignments does not subject the debtor to a separate action by each assignee of a fraction of the debt for the collection of such fraction, and, in the several cases cited, the proposition was recognized that the several fraction holders have such an interest in the whole debt, and the remedy for its enforcement, that they may prosecute a joint action upon the obligation.

In *Singleton* v. *O'Blenis*, *supra*, it was held that under the code requiring that "every action must be prosecuted in the name of the real party in interest," the assignor was a proper party plaintiff. If a proper party because a party in interest, that interest would, under the provision of the code quoted, make him a necessary party. Here, however, it is alleged that 'the fraction of the debt retained by the Ætna Insurance Company, upon the assignment of the part in suit, has been fully paid. It is a question, therefore, whether this allegation is sufficient to protect the debtor against a multiplicity of suits, or, at least, against one other suit by the Ætna Insurance Company, for the seven hundred dollars and interest of the debt. But for this allegation, we have no doubt, the

assignor would be a necessary party. *Vance* v. *Evans*, 11 W. Va. 342 (382); *Currier* v. *Howard*, 80 Mass. (14 Gray) 511.

Since it is alleged that the assignor has been fully paid, and this fact is admitted by the demurrer, and there being no question of the validity or extent of the interest claimed by the appellant, as between the assignor and the assignee, the appellant would but have brought into the case a party whose costs would have become chargeable to the appellant. The fact so alleged and admitted was a fact in which the appellant had no interest further than to show that he was the absolute owner of the entire claim, and one of which the appellee possessed full and definite knowledge; it was a fact which, if doubt existed, the appellees could have determined by cross-bill, bringing the Ætna Life Insurance Company into court. If the fact was uncontroverted and free from doubt, no good purpose could have been served by making that company a party. In other words, upon that allegation we can say that the Ætna company was not a party in interest, and would, therefore, have been an unnecessary party. The alleged fact, however, was essential to appellant's recovery and the protection of appellees against a multiplicity of suits.

Another objection to the sufficiency of the complaint arises upon a difference in the description of the land as it is stated in the mortgage and the complaint, and as it is stated in the policy.

The complaint and the mortgage describe it as the east half of the southwest quarter of section 23, township 31, range 8, while in the policy it differs in the statement of the range as 31 and the township as 8.

If the exhibit of the policy, filed with the complaint, controls, as appellees urge, and if it must be held that the property mortgaged is not the same as that insured

and destroyed, we are unable to observe how the status of the security for the debt would be different, but the allegation that the property described in the complaint was sold by McMannen and conveyed to Martin could not be held to include a conveyance of the property insured and destroyed so as to constitute an allegation of a breach of the condition in the policy against sales of the property without the consent of the appellant. In the absence of a breach of such condition, we are not advised of any support for the "claim that as to the mortgagor or owner, no liability existed" for the payment of such insurance, as provided in the "mortgage clause" numbered two. But if we concede the basis for an arbitrary claim of nonliability under the "mortgage clause," we are unable to observe how, under the allegations of the complaint, the interests of McMannen in the insurance upon his house, the obligation to him by Martin to pay the mortgage debt, and the subrogation of the appellant to the securities of the Ætna Life Insurance Company as against McMannen and Martin can be adjudicated and put at rest without making McMannen a party to the record.

Of the effect of the difference in descriptions, the appellant has not given us the benefit of any suggestion, and if we are incorrect in concluding that McMannen was a necessary party, the appellant should not complain. This conclusion—that McMannen should have been a party—is reached, it should be borne in mind, upon the theory that the complaint alleges a mortgage security upon one property and an insurance upon another, which other property is presumed to have been destroyed as the property of McMannen. We do not decide that the error, if an error, in description could not have been corrected, nor that McMannen would have been a necessary party to a foreclosure of the mortgage upon the land

sold to Martin, but the basis of the appellant's claim is necessarily the insurance upon McMannen's property, to which McMannen is entitled either from the appellant or from Martin under his obligation to pay the mortgage debt.

A full determination of the right to enforce the appellant's claim renders it necessary to decide whether the insurance money was payable to the Ætna Life Insurance Company only in the event of the inadequacy of the mortgage security, and as this is a question in which McMannen is directly interested, it seems to us to make clear the conclusion that he was a necessary party, and not having been made a party, we conclude that the question of this right is not before us, as it is primarily a question between McMannen and the appellant, and but incidentally a question between Martin and the appellant.

The judgment of the circuit court is affirmed.

Filed May 15, 1894; petition for a rehearing overruled Nov. 16, 1894.