## GLOBE FIRE INSURANCE COMPANY *vs.* INHABITANTS OF LEXINGTON.

Suffolk.    November 17, 1898. — March 2, 1899.

Present: FIELD, C. J., HOLMES, MORTON, LATHROP, & BARKER, JJ.

*Damage to Personal Property in Extermination of Gypsy Moth —*
*Statute — Action.*

Under St. 1891, c. 210, § 2, providing that "the owner of any land" entered upon by the State Board of Agriculture, under the authority of § 1, in prosecuting the work of exterminating the gypsy moth, "who shall suffer damage by such entry and acts done thereon" by the board "may recover the same of the city or town in which the lands so claimed to have been damaged are situate," an action cannot be maintained for the destruction of cord wood by a fire which was set on the owner's land by agents of the board for the purpose of exterminating the gypsy moth, and which escaped their control.

CONTRACT, under St. 1891, c. 210, § 2, to recover damages sustained by Catherine E. Reilly in her property by the acts of the agents of the State Board of Agriculture upon her land in the defendant town, on May 20, 1897, the claim having been assigned by her to the plaintiff. Trial in the Superior Court, without a jury, before *Bond*, J., who found for the defendant; and, at the request of the parties, reported the case for the determination of this court. The facts appear in the opinion.

*R. P. Clapp & A. W. Putnam*, for the plaintiff.

*E. A. Bayley*, for the defendant.

*F. T. Hammond*, Assistant Attorney General, for the Commonwealth.

HOLMES, J. This action is brought under St. 1891, c. 210, § 2, to recover damages for the destruction of some cord wood etc., by a fire which was set by the agents of the State Board of Agriculture for the purpose of exterminating the gypsy moth, and which escaped their control. The plaintiff sues under a written assignment of the claim by the owner of the land and of the personal property destroyed.

The fundamental question is whether the statute extends to

losses of personal property caused by the negligence of an agent of the board. If it does not, we need not consider some other questions which have been argued, although we do not mean by this to express any great doubt as to the validity of the assignment. *Hustisford Farmers' Ins. Co.* v. *Chicago, Milwaukee, & St. Paul Railway*, 66 Wis. 58.    *Home Ins. Co.* v. *Northwestern Packet Co.* 32 Iowa, 223.

The first section of the statute authorizes and directs the State Board of Agriculture to provide and to carry into execution all reasonable measures for the extermination of the gypsy moth, and gives the board the right to enter upon the lands of any person. This right of entry upon lands is the only express authority to deal with the property of others which is given to the board. The second section goes on : " The owner of any land so entered upon, who shall suffer damage by such entry and acts done thereon " by the board " may recover the same of the city or town in which the lands so claimed to have been damaged are situate," etc.   We are of opinion that these words do not extend to giving the owner of the land an action for personal property destroyed as this was.   There is no pretence that they would give an action for the destruction of personal property upon the land belonging to a third person. The words do not lend themselves to an irrational distinction in favor of the owner of the land. They are dealing with the entry which was authorized at the end of the preceding section. They confine themselves to the owner of the land so entered upon, and the words " the lands so claimed to have been damaged " show that damage to land is the damage under contemplation. The remedy which the statute provides has reference only to the damage which the statute has contemplated and authorized in terms. See *Boston & Roxbury Mill Co.* v. *Gardner*, 2 Pick. 33, 37.

Beside the cord wood, some surveyors' stakes marking the boundary lines of building lots were burned. The judge ruled that there could be no recovery in respect of them. All we can say is that enough does not appear for us to pronounce the ruling wrong. It may be that the stakes were driven into the ground for temporary use only, and remained personal property under the law as understood in Massachusetts. *Carpenter* v. *Walker*, 140 Mass. 416.   *Southbridge Savings Bank* v. *Mason*,

147 Mass. 500. No question is saved as to possible damage to land, if it be such, by the loss of surveyors' lines, nor does it appear that the surveyors' lines do not remain perfectly distinct.

*Judgment for the defendant.*