## The Pittsburgh, Cincinnati, Chicago and St. Louis Railway Company v. The Home Insurance Company.

[No. 22,479. Filed April 13, 1915. Rehearing denied June 17, 1915.]

1. APPEAL.—*Assignment of Errors.—Ruling on Demurrer.—Scope of Review.*—Under §344 Burns 1914, Acts 1911 p. 415, requiring a memorandum of defects to be filed with a demurrer challenging the sufficiency of a complaint, an assignment of error in the overruling of such demurrer requires an examination of the sufficiency of the complaint only as to the objections specifically made to it in the memorandum filed with the demurrer. p. 358.

2. APPEAL.—*Sufficiency of Complaint.*—*Attack by Independent Assignment of Error.*—Under the provisions of §344 Burns 1914, Acts 1911 p. 415, the sufficiency of a complaint can not be attacked by an independent assignment of error. p. 359.

3. RAILROADS.—*Fires.*—*Action for Damages.*—*Complaint.*—Under §5525a Burns 1914, Acts 1911 p. 186, imposing a liability on railroad companies for fires communicated from their locomotive engines, a complaint based thereon need not allege negligence or the want of contributory negligence, since negligence is not an element of the cause of action, and contributory negligence, if involved, is expressly made a matter of defense. p. 359.

4. CONSTITUTIONAL LAW.—*Railroads.*—*Fires.*—*Statutory Liability.* —Section 5525a Burns 1914, Acts 1911 p. 186, making railroad companies liable for damage caused by fires, is a proper exercise of the police power and is not violative of either the Federal or State Constitution. p. 360.

5. RAILROADS.—*Liability for Fires.*—*Action by Insurer.*—*Subrogation.*—Section 5525a Burns 1914, Acts 1911 p. 186, making railroad companies liable for losses from fires caused by the operation of their roads, gives to a railroad company an insurable interest in property along its road which may be made available to it as a protection by the procuring of insurance in its own behalf, but it is given no rights in insurance effected by the owner of such property, nor is the rule thereby changed whereby an insurer may be subrogated to the rights of the owner on payment of the insurance effected by him so as to maintain an action in its own name and recover from the railroad company to the extent of the insurance paid. pp. 361, 363.

6. SUBROGATION.—*Nature of Right.*—The right of subrogation does not grow out of the nature of the cause of action against the one primarily liable, and it is not material to the right whether such action arises *ex contractu* or *ex delicto* p. 363.

7. INSURANCE.—*Subrogation of Insurer.*—The application of the equitable doctrine of subrogation and the rule that an insurer indemnifying the insured is entitled to be subrogated to any legal right or claim belonging to the insured at the time of the loss by virtue of which he might have compelled another to compensate him therefor, arises from a recognition that the law of insurance is but a broad extension of the general doctrine of suretyship, and that the contract of insurance is a contract of indemnity. p. 363.

8. INSURANCE.—*Subrogation of Insurer.*—*Action Against Wrongdoer.*—*Right to Maintain.*—While at common law, an action to recover against one responsible for a fire resulting in the loss of property, was required to be brought by the owner, or, on a showing of his refusal to do so, in his name for the use of the

insurer, under the provisions of §§249, 251, 263, 269, 270 Burns 1914; Acts 1911 p. 415, §§251, 262, 268, 269 R. S. 1881, of the code, it is manifest that the equity rule as to parties was adopted, and by the requirement that the real party in interest shall sue in his own name the owner of a beneficial interest is made a proper party plaintiff; hence an insurer who has paid an insurance loss on property destroyed by fire so as to be subrogated to the rights of the insured against the one responsible for such loss, being the owner of an equitable title to the beneficial interest to the extent of the amount paid, may maintain an action in its own name against the wrongdoer, in which the insured, if still retaining some beneficial interest, may be joined. p. 365.

9.  PLEADING.—*Demurrer.*—*Defect of Parties.*—A demurrer for want of facts does not reach a defect of parties plaintiff.   p. 368.

10.  APPEAL.—*Review.*—*Harmless Error.*—Error, if any, in failing to make the owner of property destroyed by fire communicated by a railroad locomotive a party plaintiff in an action by the insurance company against the railroad company to recover for such loss, was harmless, where it appeared that after the insurance company had paid the owner the full amount of the insurance the railroad company paid him the amount of his loss over the amount of the insurance.   p. 368.

11.  PLEADING.—*Demurrer to Reply.*—*Memorandum.*—A demurrer to a special paragraph of reply is within the rule prescribed by §344 Burns 1914, Acts 1911 p. 415, requiring a memorandum of defects to accompany a demurrer for want of facts, so that no question is raised by a demurrer to a reply in the absence of a memorandum pointing out the defects.   p. 369.

12  INSURANCE.—*Subrogation of Insurer.*—*Action Against Tortfeasor.*—*Defenses.*—Where a tortfeasor, who was responsible for the destruction of property by fire, with knowledge that the insurer had paid the owner the amount of his policy, procured a release by settlement with the insured, such release was no defense as against the insurer in enforcing its right of subrogation.   p. 370.

From Cass Circuit Court; *John S. Lairy,* Judge.

Action by the Home Insurance Company against The Pittsburgh, Cincinnati, Chicago and St. Louis Railway Company. From a judgment for plaintiff, the defendant appeals. *Affirmed.*

*G. E. Ross,* for appellant.

*Rabb & Mahoney,* for appellee.

Cox, J.—Appellee sued in its own name to recover from the appellant a judgment for a sum of money which appellee had paid to the trustees of a local lodge of a fraternal society to discharge its obligation under a fire insurance policy issued by it insuring the property of the lodge against loss by fire, the property insured, having, as alleged, been destroyed by fire through the instrumentality of fire from one of appellant's locomotive engines. The trustees of the lodge were made parties defendant to answer as to its interest in the subject-matter of the action. In material substance the averments of the complaint showed that the appellee had on January 22, 1910, insured the property of the lodge, a building and its furnishings, against loss by fire for a period of five years to the amount of $1,400; that on July 20, 1911, in the term of the policy of insurance, the property insured, which was located near the track of the appellant's railroad, was totally destroyed by fire which was directly communicated to the building by sparks and coals of fire emitted from one of appellant's locomotive engines in use by it on its railroad, whereby appellant became liable to the lodge in damages to an amount equal to the total amount of the insurance; that the property destroyed was of a value greater than the amount of the insurance and that appellee as it was bound to do by its contract of insurance fully paid to the trustees of the lodge the sum of $1,400 in discharge of its obligation to it under the policy. By reason of these facts, it was averred, appellee became and was entitled to be subrogated to the rights of the trustees and the lodge against appellant to the amount of the sum paid by appellee on the policy of insurance and for this sum it asked judgment against appellant.

Appellant demurred to the complaint on the one ground that it did not state facts sufficient to constitute a cause of action and in the memorandum which was a part of the demurrer certain particulars in which it was claimed that the complaint failed to state a cause of

action were stated. The demurrer was overruled and this ruling is assigned as error. This assignment of error requires an examination of the sufficiency of the complaint only as to the objections specifically made to it in the memorandum filed with the demurrer. Acts 1911 p. 415, §344 Burns 1914; *State. ex rel.* v. *Bartholomew* (1911), 176 Ind. 182, 185, 95 N. E. 417, Ann. Cas. 1914 B 91. Appellant has also attacked the complaint for want of facts sufficient to constitute a cause of action by an independent assignment of error in this court and under this assignment presses objections to the complaint not stated in the memorandum with the demurrer. Under the provisions of the act of 1911, *supra,* this assignment of error and points raised under it can avail appellant nothing. *Robinson* v. *State* (1912), 177 Ind. 263, 266, 97 N. E. 929; *Hay* v. *State* (1912), 178 Ind. 478, 98 N. E. 712; *Boos* v. *State* (1914), 181 Ind. 562, 105 N. E. 117; *Stiles* v. *Hasler* (1914), 56 Ind. App. 88, 104 N. E. 878; *Combs* v. *Combs* (1914), 56 Ind. App. 656, 105 N. E. 944.

The complaint is assailed by the demurrer to it on account of the absence of allegations in it showing negligence on the part of appellant which was a proximate cause of the destruction of the property and showing the absence of contributory negligence on the part of the owner. Neither of these allegations is essential under the law as it was on July 20, 1911, when the complaint alleged the fire and destruction of the property occurred, and as it now is. The complaint, manifestly, is based on the act of March 3, 1911, which was in force prior to the time the fire which gave rise to this action occurred. Acts 1911 p. 186, §§5525a, 5525b Burns 1914. Under this act a complaint need not aver either negligence on the part of the railroad company or the absence of contributory negligence on the part of the owner of the property burned. The first is not an element of the cause of action and, if the latter is involved, the act expressly makes it a matter of defense. *Pittsburgh, etc.. R.*

*Co.* v. *Chappell* (1915), *ante* 141, 106 N. E. 403. But 4. it is urged by counsel for appellant, that the act of 1911 runs counter to numerous limitations of legislative power which are found in both the State and Federal Constitutions. All of these questions now raised were given full consideration by this court in *Pittsburgh, etc., R. Co.* v. *Chappell, supra,* and were determined against appellant. That the conclusion there reached is in harmony with the deliberate and well-considered declarations of courts of last resort in many states as well as in the Supreme Court of the United States is settled certainly by the many decisions cited in the opinion in that case. That this harmonious concurrence of courts in declaring the law against the position of appellant is perhaps unbroken by any exception may be taken as true from the fact that all the great learning and persistent industry of appellant's counsel have brought to light no decision to the contrary.

In *Pittsburgh, etc., R. Co.* v. *Chappell, supra,* it was contended that such an act as this, which by its terms is applicable to all railroads in the State, whether organized before the act took effect or after, using fire in their locomotive engines to generate power, must be held to violate the due process clause of the 14th amendment to the Federal Constitution, §21 of the Bill of Rights (Art. 1), of our State Constitution, which forbid the taking of property by law without compensation, and those provisions of our State and Federal Constitutions which forbid laws impairing the obligations of contracts (Constitution, Art. 1, §24; Federal Constitution, Art. 1, §10), when applied to railroads such as appellant which was organized and in operation before the act became in force. This claim is urged with added earnestness in this case. The basis of the contention is that as the law of the State under which appellant's railroad was built and put in operation (Subd. 8, §5795 Burns 1914, §4187 R. S. 1881), authorized it to use locomotives propelled by steam power generated by fire and as the law as declared

by this court made it liable for damages caused by fires resulting from the use of its engines only in the event of negligence, it acquired rights which could not be impaired or taken by subsequent legislation. And further, that, as in acquiring its right of way under the power of eminent domain, it was obliged to pay to landowners in taking their land damages resulting to that not taken, measured by the diminution in value of it by the extra danger of fires, the act before us would compel appellant to pay again. These same claims were made in a number of cases cited in the opinion of the court in *Pittsburgh, etc., R. Co.* v. *Chappell, supra,* and as therein shown can not prevail against the exercise of the police power of the State. Both of them were raised and determined against appellant's contention with convincing reason in *Mathews* v. *St. Louis, etc., R. Co.* (1894), 121 Mo. 298, 24 S. W. 591, 25 L. R. A. 161, which case was subsequently affirmed by the Supreme Court of the United States. *St. Louis, etc., R. Co.* v. *Mathews* (1897), 165 U. S. 1, 17 Sup. Ct. 243, 41 L. Ed. 611.

Aside from certain frivolous and technical criticisms of its allegations in particulars of insufficient moment to notice, the remaining objection to the complaint which is 5. argued by counsel for appellant involves the question whether appellee, on paying the insurance which it had contracted to pay contingent on the destruction of the property by fire, acquired the right to be subrogated to the rights of the insured to proceed against appellant as the agency responsible for the loss of the property and to sue appellant in appellee's own name to recover the amount of the insurance paid by it.

Passing the suggestion of appellee that appellant has waived these objections by a failure to incorporate them in the memorandum made a part of the demurrer, it may be said that prior to the act of 1911, *supra,* where insured property had been destroyed by fire through the negligence of a railroad company it has been held in this State in har-

mony with the rule generally accepted that the payment of the insurance by the insurer amounted to an equitable assignment of so much of the claim of the insured against the railroad company and subrogated the insurer to the rights of the insured to that extent, for which the right of the insurer, in its own name to sue the railroad company has also been recognized in this State. *New York, etc., R. Co.* v. *Roper* (1911), 176 Ind. 497, 96 N. E. 468, 36 L. R. A. (N. S.) 952; *Phenix Ins. Co.* v. *Pennsylvania R. Co.* (1893), 134 Ind. 215, 33 N. E. 970, 20 L. R. A. 405; *Pittsburgh, etc., R. Co.* v. *Germania Ins. Co.* (1909), 44 Ind. App. 268, 87 N. E. 995; *Lake Erie, etc., R. Co.* v. *Hobbs* (1907), 40 Ind. App. 511, 81 N. E. 90. But it is contended by counsel for appellant that as the act of 1911, *supra*, expressly vests a right of action in the owner alone, no right of subrogation and no right of action in favor of appellee against appellant can arise; but that on the contrary under its provisions, appellant acquired an insurable interest in the property destroyed and because of this it must be held that the insurance taken by the owner inured to appellant's benefit and to reduce, when paid, its liability, to that extent, to the owner. The statute in question does give railroad companies an insurable interest in the property upon the routes of the railroads owned or operated by them. But it also points out how this insurable interest may be made available to them as a protection and that is by themselves procuring insurance in their own behalf. Such statutory provisions give them no rights in insurance effected by the owner, nor do they change the ordinary rule that there can be no abatement of damages on the principle of partial compensation received for the injury when it comes from a collateral source wholly independent of the one primarly responsible for the loss. To agree with appellant in this particular would, of course, be to concede that the insurer who had contracted with the owner to pay his loss and had paid it could acquire no right of subrogation under such a statute as this.

The right of subrogation does not grow out of the nature of the cause of action against the one primarily liable. It is not material whether such action arises *ex contractu* or *ex delicto*. 6 Pomeroy, Eq. Jurisp. §§920, 921. As applied to cases like the one before us, it is recognized that the law of insurance is but a broad extension of the general doctrine of suretyship. The contract of insurance *is a contract of indemnity*. From this comes the application of the equitable doctrine of subrogation and the rule that an insurer indemnifying the insured for any loss of property suffered by fire is entitled to be subrogated to any legal right or claim belonging to the insured at the time of the loss by virtue of which he might have compelled another to make compensation for such loss. Vance, Insurance §149; 2 May, Insurance (4th ed.) §454; 11 Ency. U. S. Sup. Ct. Rep. 281. If the insured possesses some right or claim by virtue of which he can demand of some other person than the insured compensation for the loss suffered, it is manifestly unimportant what its nature is, so that it is enforceable for the recoupment of the loss. It is not material whether the right of action of the insured grows out of a failure on the part of the railroad company to exercise the common duty of ordinary care to prevent loss to contiguous property from fire from its locomotive engines, or by force of a positive statute making it liable for such a property loss irrespective of negligence on its part. In either case clearly the primary liability to the owner of the property destroyed rests on the railroad company; and the right of subrogation inheres in the insurer, whose liability being one of indemnity is deemed secondary, in the one case as well as the other. In this, the cases agree wherever the question has been raised under the laws like the one before us. *Hart* v. *Western R. Co.* (1847), 54 Mass. 99, 46 Am. Dec. 719; *Regan* v. *New York, etc., R. Co.* (1891), 60 Conn. 124, 22 Atl. 503, 25 Am. St. 306; *Mathews* v. *St. Louis, etc., R. Co., supra; Lumbermen's Mut. Ins. Co.* v.

*Kansas City, etc., R. Co.* (1899), 149 Mo. 165, 50 S. W. 281; *Hartford Fire Ins. Co.* v. *Wabash R. Co.* (1898), 74 Mo. App. 106; *Crissey, etc., Lumber Co.* v. *Denver, etc., R. Co.* (1902), 17 Colo. App. 275, 297, 68 Pac. 670; *Mobile Ins. Co.* v. *Columbia, etc., R. Co.* (1894), 41 S. C. 408, 19 S. E. 858, 44 Am. St. 725; *Ide* v. *Boston, etc., Railroad* (1909), 83 Vt. 66, 74 Atl. 401. In *Regan* v. *New York, etc., R. Co., supra,* it was said in the discussion of a claim advanced by the railroad company defendant like that urged here: "The statute upon which the action is founded justly imposes an absolute primary liability on the defendant for having caused the loss. But the ruling which the defendant asked for would completely nullify the statute as applicable to such a case as this, by practically imposing the primary obligation on the insurer, who is innocent, and allowing the defendant, who caused the loss and who alone could have prevented it, to go entirely free, at least to the extent of the insurance. * * * It has hitherto been established by a line of decisions reaching backward more than a century and substantially unbroken by dissent, that there is no privity in such cases between one made primarily liable for such a loss and an insurance company; that the liability of the insurer is merely secondary; that the insurer's position is practically that of a surety; that insurance is personal and does not inure to the benefit of one not a party thereto; and that where the insurer has indemnified the owner of the goods lost, he is entitled to be subrogated to all the means of indemnity which the owner held against the party causing the loss and primarily liable therefor."

In some states some late statutory provisions have gone beyond that in the act of 1911, *supra,* which gives a railroad company an insurable interest in the property along its route under which it might take insurance by its own contract, and have expressly given the railroad company the benefit of insurance effected by the owner for himself. In the few states in which this has been done, the validity of

the provisions has been left in some doubt by the decisions of the courts. *Lyons* v. *Boston, etc., R. Co.* (1902), 181 Mass. 551, 64 N. E. 404; *Leavitt* v. *Canadian Pac. R. Co.* (1897), 90 Me. 153, 37 Atl. 886, 38 L. R. A. 152; *British, etc., Assur. Co.* v. *Colorado, etc., R. Co.* (1912), 52 Colo. 589, 125 Pac. 508, 41 L. R. A. (N. S.) 1202.

It is further argued that the action is not well brought or maintained in the name of appellee, but should have been brought by the owner of the property, or, upon a 8. showing of his refusal to do so, then in his name for the use of appellee. This was the rule in actions of this character under the common-law procedure. And the reason for it was that common-law pleading looked to the entire legal interest, and did not directly recognize the beneficial interest or equitable right. The test which it applied was that of the strict legal title to the chose in action in its entirety. In the view of common-law procedure, he who was clothed with this legal title had the exclusive right of action, although the entire beneficial interest, with the equitable title, was in some one else. The plaintiff to state a cause of action must show a remedial interest and there was in a common-law action as a rule no test of remedial interest save the legal title. 1 Chitty, Pleading 1-3, 69; 30 Cyc. 30 *et seq.*; 15 Ency. Pl. and Pr. 484. On the contrary, courts of equity looked rather to the beneficial ownership. The claimant must, it is true, be clothed with a title which the court could recognize, but an equitable title was sufficient. And the general rule in courts of equity, as to parties, is that all persons materially interested in the subject-matter ought to be made parties to the suit, but it was not so material whether they were all in as plaintiffs or defendants. The object was to settle the rights of all interested in the subject-matter of the suit in one action. 30 Cyc. 30 *et seq.*; Story, Eq. Pleading §§72, 76a; 15 Ency. Pl. and Pr. 584, 672.

Now the first section of our code as amended in 1911 (Acts 1911 p. 415, §249 Burns 1914), provides: "There

shall be no distinction in pleading and practice between actions at law and suits in equity; and there shall be but one form of action for the enforcement or protection of private rights and the redress of private wrongs, which shall be denominated a civil action. All courts which are vested with jurisdiction both in law and equity may, to the full extent of their respective jurisdictions, administer legal and equitable remedies, in favor of either party, in one and the same suit, so that the legal and equitable rights of the parties may be enforced and protected in one action.'' The third section (§251 Burns 1914, §251 R. S. 1881) provides that ''every action must be prosecuted in the name of the real party in interest'' save certain exceptions named in the following section. Section 19 of the code (§263 Burns 1914, §262 R. S. 1881) requires all persons having an interest in the subject of the action, and in obtaining the relief demanded to be joined as plaintiffs. Section 21 (§270 Burns 1914, §269 R. S. 1881) permits one who should have been joined as plaintiff but refuses to join to be made a defendant. Section 20 (§269 Burns 1914, §268 R. S. 1881) permits any one to be made a defendant who is a necessary party to a complete settlement of the questions involved. It is manifest as has been many times decided that our code has adopted the equity rule and by its requirement that the real party in interest shall sue in his own name has made the owner of a beneficial interest a proper plaintiff.

It being a settled rule that an insurer against loss by fire who pays thereby becomes by subrogation the equitable assignee of any right of action that the owner may have against a third party for the loss to the amount paid, it follows that if the insurance paid is equal to the entire loss the insurer has the equitable title to the entire beneficial interest in the cause of action; and if the insurance is less than the entire loss the insurer has an equitable beneficial interest to the extent of its payment which it holds in common with the owner who retains the rest. And so it has been held that

under code provisions similar to ours, an insurer who has
paid to the full sum of the loss might sue on the owner's
cause of action in the insurer's name. In such case the
right of the owner is wholly divested and the whole remedial
right is vested in the insurer. 30 Cyc. 48, 49; 27 Am. and
Eng. Ency. Law 264; *St. Louis, etc., R. Co.* v. *Commercial
Ins. Co.* (1891), 139 U. S. 223, 235, 11 Sup. Ct. 554, 35 L.
Ed. 154; *Traveler's Ins. Co.* v. *Great Lakes, etc., Co.* (1911),
184 Fed. 426, 107 C. C. A. 20, 36 L. R. A. (N. S.) 60; *Marine
Ins. Co.* v. *St. Louis, etc., R. Co.* (1890), 41 Fed. 643; *Norwich
Union Fire Ins. Soc.* v. *Standard Oil Co.* (1894), 59
Fed. 984, 8 C. C. A. 433; *Connecticut Fire Ins. Co.* v. *Erie
R. Co.* (1878), 73 N. Y. 399, 29 Am. Rep. 171; *Southern
R. Co.* v. *Stonewall Ins. Co.* (1909), 163 Ala. 161, 50 South.
940; *Atchison, etc., R. Co.* v. *Home Ins. Co.* (1898), 59 Kan.
432, 53 Pac. 459; *Hartford Fire Ins. Co.* v. *Wabash R. Co.*
(1898), 74 Mo. App. 106; *Hamburg-Bremen Fire Ins. Co.* v.
*Atlantic, etc., R. Co.* (1903), 132 N. C. 75, 43 S. E. 548;
*Lake Erie, etc., R. Co.* v. *Hobbs, supra,* and cases there cited.
Where the loss is greater than the insurance, the rule in
this State, and declared in cases which seem to express the
truest spirit of the codes outside of this State, is that the insured
and the insurer each having a beneficial interest in
the cause of action may join as plaintiffs. 30 Cyc. 51; Bliss,
Code Pleading (3d ed.) §65; *Lake Erie, etc., R. Co.* v. *Hobbs
supra, Lake Erie, etc., R. Co.* v. *Falk* (1900), 62 Ohio St. 297,
300, 56 N. E. 1020; *Swarthout* v. *Chicago, etc., R. Co.* (1880),
49 Wis. 625, 6 N. W. 314; *Hustisford, etc., Ins. Co.* v. *Chicago,
etc., R. Co.* (1886), 66 Wis. 58, 28 N. W. 64; *Wundelich*
v. *Chicago, etc., R. Co.* (1896), 93 Wis. 132, 66 N. W.
1144; *Fairbanks* v. *San Francisco, etc., R. Co.* (1897), 115
Cal. 579, 47 Pac. 450; *Firemen's Fund Ins. Co.* v. *Oregon
R., etc., Co.* (1904), 45 Or. 53, 76 Pac. 1075, 67 L. R. A. 161,
2 Ann. Cas. 360; *St. Louis, etc., R. Co.* v. *Miller* (1901), 27
Tex. Civ. App. 344, 66 S. W. 139; *Mobile Ins. Co.* v. *Columbia,
etc., R. Co., supra.* See, also, *Gaugler* v. *Chicago,*

*etc., R. Co.* (1912), 197 Fed. 79; *Insurance Co.* v. *Martin* (1894), 139 Ind. 317, 37 N. E. 394; *Home Ins. Co.* v. *Gelman* (1887), 112 Ind. 7, 13 N. E. 118; *Franklin Fire Ins. Co.* v. *Wolf* (1899), 23 Ind. App. 549, 54 N. E. 772. There are cases which hold the contrary and, where the loss exceeds the insurance, that the action must be brought in the name of the insured. This is put on the ground of the indivisibility of the cause of action and the rule against splitting a cause of action and subjecting a defendant to more than one action on the same cause. Under the provisions of our code emphasizing the equity rule, and requiring all parties who have a remedial interest in the cause of action to be brought in and so settle in the one action all the interests inhering in the subject-matter of the action, the vice at which these cases are aimed is guarded against and the reason for the rule, therefore, does not obtain under our code. As said in *Gaugler* v. *Chicago, etc., R. Co., supra,* they *hack* back 130 years to a case decided on the ground that things in action were not transferable.

Appellant's final objection is that the complaint shows by its allegations that the loss in this case was greater than the insurance and the owner was not made a party plaintiff in accordance with the rule just stated. But a demurrer for want of facts does not reach a defect of parties plaintiff and appellant did not demur for such defect. *Carskaddon* v. *Pine* (1900), 154 Ind. 410, 56 N. E. 844; *Boseker* v. *Chamberlain* (1903), 160 Ind. 115, 66 N. E. 448. Moreover it appears from appellant's answers and from the facts specifically found by the jury that appellant had, at the time of the institution of the suit by appellee, paid to the owner the amount of his loss over the amount of the insurance. Thus it appears that the insurer alone had a beneficial interest in the cause of action at the time of the bringing of the suit and under such circumstances he alone had the right to maintain the action and appellant was not harmed by the omission to make the owner

a plaintiff, even if the complaint was subject to demurrer for defect of parties. *Vulcan Iron, etc., Co. v. Electric, etc., Min. Co.* (1913), 54 Ind. App. 28, 99 N. E. 429, 100 N. E. 307. If these facts had appeared in the complaint, then, of course, appellee would have been the only necessary plaintiff. *Hartford Fire Ins. Co.* v. *Wabash R. Co., supra; Connecticut Fire Ins. Co.* v. *Erie R. Co., supra; Atchison, etc., R. Co.* v. *Home Ins. Co., supra.*

Appellant answered the complaint by a general denial and by second and third paragraphs of answer setting up a settlement for the loss of the lodge by appellant for $500 and a payment of this sum to the lodge trustees for which such trustees for the lodge executed to the appellant a full satisfaction and release of liability for all claims and demands growing out of or connected with the fire and the loss of the lodge referred to in the complaint. To these special answers appellee replied by a general denial and by special matter in avoidance in two paragraphs. The allegations of these paragraphs are in substance that whatever settlement and payment as averred in the answers was made between appellant and the lodge was made without knowledge, consent or approval of appellee, and was made long after appellee had paid the insurance to the lodge and with full knowledge on the part of appellant of the facts alleged in the complaint. Appellant demurred to these special replies on the ground of the insufficiency of the facts to avoid the answers. The demurrers were overruled and the rulings are assigned as errors. No memorandum was filed with the demurrers stating wherein the replies were insufficient for want of facts. The proviso to subd. 6, §2 of the act of March 4, 1911 (Acts 1911 p. 415, §344 Burns 1914) marked a distinct change in the manner of presenting objections to pleadings by demurrer for want of facts. Under this proviso, a demurrer to a complaint on that ground must, in a memorandum made a part of it, specifically state

wherein the complaint fails in its allegations of facts and the right to question the complaint for insufficiency of facts thereafter is waived as to any defects not specifically stated in the memorandum. *State, ex rel.* v. *Bartholomew, supra.* If no memorandum making specific objections to the sufficiency of the facts is made a part of the demurrer, then, of course, no available objection to the pleading is raised by the demurrer. This provision of the act of 1911 has been held to apply to demurrers for want of facts addressed to affirmative answers; and that such a demurrer which did not particularize the objections by a memorandum raised no question for the court's consideration. *Quality Clothes Shop* v. *Keeney* (1915), 57 Ind. App. 500, 106 N. E. 541. Demurrers for want of facts addressed to special replies are as fairly within the reason for the rule and the intent of the legislature in promulgating it. As appellant made no memorandum of specific objections to the replies a part of the demurrers to them, it raised no objection to the sufficiency of the facts therein alleged which we are called upon to consider. But the replies were good. If with knowledge of the previous payment by the insurer, the tortfeasor does procure a release by settlement with the insured, such release will be no defense as against the insurer in enforcing his right of subrogation. Vance, Insurance §150; 19 Cyc. 895; *Hart* v. *Western R. Co., supra; Connecticut Fire Ins. Co.* v. *Erie R. Co., supra; Hartford Fire Ins. Co.* v. *Wabash R. Co., supra; Monmouth, etc., Fire Ins. Co.* v. *Hutchinson* (1870), 21 N. J. Eq. 107; *Home Ins. Co.* v. *Atchison, etc., R. Co.* (1893), 19 Colo. 46, 34 Pac. 281; *Omaha, etc., R. Co.* v. *Granite State Fire Ins. Co.* (1898), 53 Neb. 514, 73 N. W. 950.

Moreover it is made clear by answers returned to interrogatories submitted to the jury that the settlements made between the owner and the appellant was for the amount of the loss in excess of the insurance; that is, it was for the part of the cause of action which remained in the owner and

which he of course had a right to settle. Having done so the rest of it of which appellee was the equitable owner was all that there was left of the remedial right and appellant was in no way harmed by the ruling on the demurrers to the replies.

Numerous errors are asserted under the assignment that the court erred in overruling appellant's motion for a new trial. These are based on the alleged insufficiency of the evidence, the giving of a number of instructions claimed to be erroneous and the refusal to give instructions requested by appellant. The evidence is not in the record. In so far as the questions raised by this assignment of error are available they have been determined by the conclusions reached on the other questions raised. Judgment affirmed.

NOTE.—Reported in 108 N. E. 525. As to insurer's right to subrogation, see 44 Am. St. 731; 1 Ann. Cas. 885; 18 Ann. Cas. 710. As to sufficiency of general allegations of negligence, see 59 L. R. A. 234. Whether the insurer who has paid a loss can maintain action against the party causing the loss, see 2 L. R. A. (N. S.) 922. As to contributory negligence as defense in an action under statute making a railroad liable for setting fire, see Ann. Cas. 1914 D. 934. See, also, under (1, 2) 3 C. J. 785-788; 2 Cyc. 691; (3) 33 Cyc. 1354, 1355; (4) 8 Cyc. 1099; (5) 19 Cyc. 584, 897; 33 Cyc. 1350; (6) 19 Cyc. 894; 37 Cyc. 363; (7) 19 Cyc. 893, 583; (8) 19 Cyc. 897; 33 Cyc. 1350; (9) 31 Cyc. 321; (10) 19 Cyc. 975; (11) 31 Cyc. 320; (12) 19 Cyc. 894.