ENOCH W. LYMAN *vs.* THE BOSTON & WORCESTER RAILROAD CORPORATION.

The statute of 1840, *c.* 85, making the proprietors of railroads responsible for injuries by fire communicated from their locomotive engines, applies to railroads established before as well as since its passage; and extends as well to estates, a part of which is conveyed by the owner, as to those of which a part is taken by authority of law, for the purposes of a railroad.

THIS was an action on the case, on the act of 1840, *c.* 85, § 1, to recover damages of the defendants, for an injury sustained by the plaintiff in the destruction of certain buildings on his land, in consequence of fire communicated thereto by a locomotive engine of the defendants, while passing on their road. The case was submitted upon an agreed statement of facts.

The buildings, for the destruction of which the action was brought, were burnt and destroyed at the time alleged in the declaration, by means of fire communicated from a locomotive engine of the defendants, while passing on their road. The plaintiff was insured against fire, at the time of the accident, in the sum of $800 on the buildings destroyed, by the Middlesex Mutual Fire Insurance Company, by a policy dated February 25th, 1842; which was subsequent to the opening of the whole of the defendants' road for travel.

The plaintiff demanded payment of his loss of the defendants; but the claim not being settled by them, or the amount agreed to, the plaintiff assigned the same to the insurance company; who thereupon paid him the sum of $800, and agreed to pay him such further sum as should be recovered of the defendants. This suit was then commenced by the insurance company, and is now prosecuted by them, in the name and by the authority of the plaintiff.

The land, on which that part of the defendants' road was laid, where the engine was passing when the fire was kindled, was conveyed to the defendants by William Jackson, February 15th, 1834, by a deed of warranty, in the common form, with an additional covenant, that the grantor would make and maintain all such walls and fences, as might be necessary, on the boundary lines between the granted premises and his own land.

The land, upon which the buildings stood that were burnt, was adjoining the land conveyed by Jackson to the defendants, and a part of the same close before such conveyance was made, and was conveyed by Jackson to the plaintiff, November 1st, 1837. The buildings destroyed stood upon the close before either of these conveyances was made; but large additions and improvements were put upon them, and the personal property destroyed with them was placed therein, subsequently to the conveyances by Jackson.

*E. R. Hoar,* for the plaintiff.

*G. Bemis,* for the defendants. 1. The act of 1840 does not apply to the defendants; they acting under their charter granted before its passage. *Burroughs* v. *Housatonic Railroad Co.* 15 Conn. 124; *Whiteman* v. *Wilmington & Susquehanna Railroad, Co.* 2 Harring. 514; *People* v. *Platt,* 17 Johns. 195; *Crenshaw* v. *Slate River Co.* 6 Rand. 245; *Commonwealth* v. *Breed,* 4 Pick. 460; *Nichols* v. *Bertram,* 3 Pick. 342; *Derby Turnpike Co.* v. *Parks,* 10 Conn. 522.

2. It does not apply in cases where the rights of the railroad company are obtained by contract with the owner; here the owner, in giving a deed of land for the purposes of a railroad, must have contemplated the risk of fire from engines running on the road. *Webber* v. *Eastern Railroad Co.* 2 Met. 147; *Brearley* v. *Delaware & Raritan Canal Co.* 1 Spencer, 236; *Lowell* v. *Locks and Canals,* 7 Met. 1; *Tucker* v. *Bass,* 5 Mass. 164; *Fuller* v. *Plymouth,* 15 Pick. 81; *Babcock* v *Western Railroad Corp.* 9 Met. 553; *Western Railroad Corp.* v. *Babcock,* 6 Met. 346, 354; *Foster* v. *Boston,* 22 Pick. 33; *Dodge* v. *Essex,* 3 Met. 380.

DEWEY, J.* The statute of 1840, c. 85, imposes upon railroad corporations a general liability for damages occasioned by fire communicated from their locomotive engines. It is contended, however, that the provisions of this statute do not apply to a case like the present, where the title of the plaintiff is derived from one who has himself, by his deed, granted the land embraced within the location of the railroad, and by the very terms of the grant has conveyed it for the purpose of being thus used for a railroad. The argument is, that the grantor having thus granted a certain definite parcel of land, for the purpose of a railroad, out of a much larger parcel retained by him, the grant is subject to all the consequences necessarily attendant upon such a use of the same, and particularly such as would result from the running of engines, and the exposure of property in his adjacent land to such injury and loss as would naturally result therefrom; and that the railroad corporation, while in the exercise of their appropriate business, are only responsible for ordinary care and diligence in the manner of using their road.

It is not contended, that the statute was not intended to embrace the case of those whose land has been taken under the provisions of the charter of the railroad; but the argument assumes a distinction between those who convey the right to appropriate a portion of their land to the proprietors of a railroad, by deed, and those who do no other act than suffer their land to be taken by such proprietors, under their authority to enter upon and take land for the purposes of their road, paying therefor such damages as the county commissioners or a jury shall award.

We can perceive no sound distinction between the cases supposed. Each of these modes of acquiring the necessary real estate for the purpose of a railroad is authorized, both by the general laws and by the acts creating railroad corporations. In each, the land owner is supposed to receive full satisfaction for all the injuries necessarily resulting from the use of the same for a railroad. But with the use of locomo-

---

* FLETCHER, J., did not sit in this cause.

tive engines, greater hazard to contiguous buildings and property owned by the adjacent land owners may arise, than was originally contemplated, or ought to be left to the ordinary common law remedies.

We consider this provision of the statute of 1840, *c.* 85, as one of those general remedial acts passed for the more effectual protection of property, against the hazards to which it has become subject by the introduction of the locomotive engine. The right to use the parcel of land appropriated to a railroad does not deprive the legislature of the power to enact such regulations, and impose such liabilities for injuries suffered from the mode of using the road, as the occasion and circumstances may reasonably justify.

These provisions in the act referred to are of general import, and equally embrace the cases of those who have by deed granted to a railroad corporation the right to enter upon and use their land, or have given a title to the land itself included within the location, and those other persons whose land has been taken and held merely by the force of the location of the railroad under the charter authority. These principles, we think, are sufficient to decide the present case, and warrant us in ordering judgment for the plaintiff.