CHARLES CLEMENT v. THOMAS H. CANFIELD.

*Liability of lessee of a railroad.*

The lessee of a railroad is an agent of the railroad corporation, within the meaning of the general railroad act, (Comp. Stat. ch. 26, § 41,) making the corporation and its agents liable for damages occasioned by want of fences and cattle guards.

ACTION ON THE CASE. The declaration set forth the construction, by the Rutland & Washington Railroad Company, of their railroad, and a lease of the same to the defendant; his acceptance of the lease, taking possession of the road, and running cars and engines regularly over the same, and that he thereby became and was liable for all damages which should be done by him, his agents, or the engines running upon said road, through want of cattle guards at the farm crossings of said road, suitable and sufficient to prevent cattle and animals from getting on said railroad: and, that the plaintiff's horse, through the want of such cattle guards, at a farm crossing described, strayed upon the said railroad, and while

there, was struck by an engine, run upon said railroad under the direction and authority of the defendant, and killed.

Plea, the general issue; trial by jury, March Term, 1855,— PIERPOINT, J., presiding.

The plaintiff introduced in evidence a lease from the Rutland & Washington Railroad Company to the defendant, of their railroad, depots, engines, cars, machinery, tools and all other real and personal property belonging to them, for the term of five years, the defendant paying a stipulated rent therefor, and covenanting to use said railroad and property for the transportation of freight and passengers, &c.,—and testimony tending to prove the other allegations in his declaration; but the only connection which it was attempted to show that the defendant had with the running of the engine by which the plaintiff's horse was struck, was that it was run under his general direction, as lessee, and in pursuance of his lease, the engineers and other hands being employed by him.

The defendant requested the court to charge the jury that the defendant was not, as the lessee of the road, the agent of the R. & W. R. Company, within the meaning of the statute on this subject; but the court declined so to charge, and did charge that the defendant, by reason of running the railroad under his lease, was the agent of the railroad company, and liable for the injury complained of, if the jury found the other parts of the case proved. Verdict for the plaintiff. Exceptions by the defendant.

*C. L. Williams* for the defendant.

*E. Edgerton* for the plaintiff.

The opinion of the court was delivered by

REDFIELD, CH. J. The only question here is, whether the defendant, being the lessee of the Rutland & Washington railroad, and running the same, under his lease, no cattle guards at a certain farm crossing adjoining the road being made and maintained according to the requirements of the general railroad act, and injury being sustained by the plaintiff through the defect of such cattle guards, is liable for such injury.

The provision of the general railroad law is, that all railroads shall maintain fences and cattle guards, at all farm crossings, for

the security of the landowners, and " until such fences and cattle guards shall be duly made, the *corporation and its agents* shall be liable for all damages which shall be done by their agents, or engines, if occasioned by the want of such fences and cattle guards."

The question is, whether a lessee can run a railway in defiance of this provision of the general law of the state.   If that is so, it certainly shows the statute very defective, and liable to be evaded by a very hollow device.   But it does not seem to us there is any difficulty in extending the statute to every one who runs the road, under or by permission of the company, until such fences and cattle guards are erected.   The word agent is a very extensive term, and may be fairly applied to almost any one who performs the office of another.   This lessee, in one sense, certainly, is the agent of the company.   He is performing their functions, and clothed with their prerogatives, or he could not be allowed to take tolls, or freight and fare upon the road, or to run engines where he does, probably.   In this sense he is the agent of the company. And having, as such agent, acquired the powers and prerogatives of the company, is it anything unreasonable that he should, while exercising such powers and prerogatives, be subjected to the same liabilities which the law imposes upon the company and their agents who destroy property?   But it is said that a lessee is not of the class of agents referred to in the statute.   That the statute probably refers primarily to those agents of the company who are under their control, like engineers and conductors.   But does not the very relation in which the term agent is used, in this statute, show that the legislature must have adopted that most extensive term for the very purpose of reaching any and all persons who might acquire the right to run the road, under the powers conferred upon the corporation?   Any other construction would seem to be contrary to the fair use of the term agent, with reference to the subject matter.   I am well aware that a lessee is not the agent of the corporation for all, or for most purposes.   But in this sense, inasmuch as they execute these important public functions, under and by virtue of the franchises conferred upon the corporation, they may fairly be regarded as their agents, for the purpose of exposing the corporation to liability for allowing their road to be run before it was properly fenced and guarded, as was held in *Nelson*

v. *The Vt. & C. R. Co.*, 26 Vt. 717; and equally for the purpose of exposing themselves to liability, under the statute, for running engines upon the road and killing cattle, through defect of cattle guards.

The principle of the case is much the same as in *Baxter* ats. *Vermont Central Railroad*, 22 Vt. 365, where the defendants are made liable for the acts of the contractor in claiming right of eminent domain.

And the declaration, alleging that the defendant became and was liable for all damages caused by his running the road, through defect of cattle guards, is well enough. This is the very liability which the statute imposes upon the company, and upon all its agents, who run the road, or assist in doing so, whereby damage accrues. It is true that the statute imposes, primarily, no duty upon any one but the corporation, to build fences and cattle guards. But every one is made liable, who runs the road, by or under the authority of the corporation, for all damages caused through defect of such cattle guards. It was, therefore, the duty of the defendant to see to it, that such cattle guards existed, while he run the road, or to accept the other alternative of the statute, by paying all damages caused through the defect.

Judgment affirmed.