## John Ross *vs.* Boston and Worcester Railroad Company.

The *St.* of 1840, *c.* 85, § 1, providing that when any injury is done to a building or other property of any person or corporation, by fire communicated by a locomotive engine of any railroad corporation, the said railroad corporation shall be held responsible in damages to the person or corporation so injured, and that any railroad corporation shall have an insurable interest in the property for which it may be so held responsible, along its route, and may procure insurance thereon in its own behalf, extends to personal property, although such corporation had no knowledge or reasonable cause to believe that such property was situated where it might be so injured.

If in an action against a railroad corporation to recover damages for the destruction of property by fire communicated by a locomotive engine, it is relied upon as a ground of defence that no burning sparks could reach so far as to set fire to the property, evidence is competent to show that the same engine using similar fuel, has emitted burning sparks which have fallen at as great a distance; and if evidence has been introduced in defence to show that other similar engines upon other roads did not emit sparks that would set fire to buildings, evidence is competent in reply to show that such engines upon one of said roads have emitted sparks which set fire to objects.

In an action against a railroad corporation to recover damages for the destruction of property by fire communicated by a locomotive engine, if the question of the plaintiff's negligence involves a consideration of the dryness of the season, the strength and direction of the wind, and the condition of the plaintiff's buildings, it is proper to submit it to the jury, under general instructions, to determine whether the plaintiff exercised due care or not; and if this is done, no exception lies to a refusal to instruct the jury that "if the season was dry, and the wind was from the railroad and strong, and the plaintiff knew those facts, and left a door of a shed open towards the railroad, and shavings within the shed, or old and dry shingles upon the roof known to him to be such, and either of those things contributed to the fire, it is evidence of negligence on his part which should preclude his recovery."

Tort brought under *St.* 1840, *c.* 85, § 1,* to recover damages for the destruction of the plaintiff's building and contents, and trees growing upon his land, by fire communicated by a locomotive engine of the defendants.

At the trial in this court, before *Dewey,* J., the defendants contended that the statute did not apply to articles of personal

---

* This statute is as follows: " When any injury is done to a building or other property of any person or corporation, by fire communicated by a locomotive engine of any railroad corporation, the said railroad corporation shall be held responsible in damages to the person or corporation so injured; and any railroad corporation shall have an insurable interest in the property for which it may be so held responsible in damages, along its route, and may procure insurance thereon in its own behalf"

property which may be removed with facility at the pleasure of the owner; that, as to such articles, it applied, if at all, only to such as the corporation has knowledge or reasonable cause to believe are situated where they may be so injured. By agreement of the parties, all questions as to the construction of the statute were reserved for the whole court, and it was left to the jury to determine whether the fire was communicated by the engine of the defendants under such circumstances as to charge the defendants with the loss of any of the property destroyed, it being agreed that, if they should find for the plaintiff, an assessor should present a detailed statement of the losses sustained, upon which judgment might be entered under the direction of the court.

One ground of defence relied upon was, that no live sparks from the engine of the defendants did or could reach the buildings of the plaintiff; and the plaintiff was allowed, under objection, to introduce evidence that the same locomotive, using similar wood fuel, within a fortnight before the day of the fire, emitted burning sparks that fell upon his premises. The defendants then introduced evidence tending to show that similar engines had been used for fifteen years on their road, and also on various other railroads, and that they did not emit sparks that would set fire to buildings. In reply to this evidence, the plaintiff was allowed, under objection, to introduce evidence that similar engines, on one of said railroads, had emitted sparks which had communicated fire to objects.

It was conceded that the train alleged to have communicated the fire was passing at its usual hour, and was a regular train. Upon the argument of the case to the jury, the counsel for the plaintiff urged, as tending to show that the fire was communicated from the engine, that it might have been communicated by the sparks falling upon a parcel of shavings in the shed of the plaintiff, the sparks passing through an open door toward the railroad, or upon the old and dry shingles of the roof of the shed about ninety feet from the railroad; that the weather had been dry for some time previous; and that the wind had blown strongly that day from the direction of the railroad. Upon the close of

the plaintiff's argument to the jury, the defendants' counsel asked new and further instructions, " that if the season was dry, and the wind was from the railroad and strong, and the plaintiff knew those facts, and left a door of a shed open toward the railroad, and shavings within the shed, or old and dry shingles on the roof known to him to be such, and either of those things contributed to the fire, it is evidence of negligence on his part, which should preclude his recovery."

The court thereupon instructed the jury " that the plaintiff was bound to exercise ordinary care and prudence in reference to his property thus situated near a railroad, and that if they should find any want of ordinary care and prudence in reference to his property by leaving open the door of the shed toward the railroad, or in reference to shavings in the shed, or by reason of having old and dry shingles on the roof of his buildings, he knowing the season was a dry one, and that the wind was from the railroad, if either of the things mentioned contributed to the communication of the fire, the plaintiff could not recover; that the burden was on the plaintiff to show that the fire was communicated to the property of the plaintiff by the engine of the defendants; that this fact was to be affirmatively proved by the plaintiff; and that it was not sufficient to show that it was possible, or a probability that the fire was thus communicated, but the fact must be shown that the fire was communicated by the engine of the defendants."

The jury returned a verdict for the plaintiff, and the case was reported for the determination of the whole court.

*G. S. Hale,* for the defendants, cited, as to the construction of the statute, *Chapman* v. *Atlantic & St. Lawrence Railroad,* 37 Maine, 92; *Pratt* v. *Atlantic & St. Lawrence Railroad,* 42 Maine, 579; and, as to the admission of evidence, *Baltimore & Susquehanna Railroad* v. *Woodruff,* 4 Maryland, 242, 253; *Philadelphia & Reading Railroad* v. *Yeiser,* 8 Barr, 366; *Gahagan* v. *Boston & Lowell Railroad,* 1 Allen, 187; *Robinson* v. *Fitchburg & Worcester Railroad,* 7 Gray, 92, 95; *Ingledew* v. *Northern Railroad,* 7 Gray, 86, 91; 1 Phil. Ev. (4th Amer. ed.) 734, 748, 749. He also contended that, on the facts stated and assumed, as a pure

question of law, there was negligence on the part of the plain-tiff, and the court should have so ruled.

*G. A. Somerby,* for the plaintiff, cited *Shaw* v. *Stone,* 1 Cush. 228.

BIGELOW, C. J.   1.   We cannot concur in the proposition of the learned counsel for the defendants, that the statute under which this action is brought (*St.* 1840, *c.* 85, reënacted in Gen. Sts. *c.* 63, § 101) is to be very strictly construed.   It is not a penal statute, but purely remedial in its nature ; and it is to be interpreted fairly and liberally, so as to secure to parties injured an indemnity from those who reap the advantages and profits arising from the use of a dangerous mode of locomotion, by means of which buildings and other property are destroyed. *Hart* v. *Western Railroad,* 13 Met. 99.   That it was not in-tended to confine this right of indemnity to cases of injury or destruction of property of a fixed or immovable nature is clearly indicated by the language of the statute, which is suf-ficiently broad and comprehensive to include every species of property liable to be injured or consumed by fire communicated by a locomotive engine.   Nor are we able to see anything in the policy of the statute, or the reasons on which it is founded. to lead us to the conclusion that any restriction or limitation on these very general words should be imposed by judicial construc-tion.   There is certainly no distinction in principle by which a right to an indemnity should be secured to the owner of one species of property, in case of its injury or destruction, and denied under like circumstances to the owner of a different kind of property.   The claim for an indemnity is as strong, and the necessity and expediency of creating the liability are as great, whether the property injured or consumed is of a fixed and permanent nature, or of a kind to be moved or changed at the pleasure of the owner.   Indeed it would be difficult if not im-possible to draw any line or establish any sound principle by which the distinction for which the defendants contend could be carried into practical effect.   The statute prescribes a clear, plain rule, arbitrary it is true, but one which can be easily and intelligibly administered.   The decisions cited by the counsel

for the defendants, giving a construction to a statute of the state of Maine, in terms the same as the one in question, serve to show the embarrassment which would be occasioned, if we departed from the plain and literal interpretation of the language of the statute. *Chapman* v. *Atlantic & St. Lawrence Railroad*, 37 Maine, 92. *Pratt* v. *Atlantic & St. Lawrence Railroad*, 42 Maine, 579.

The argument urged by the counsel for the defendants, that the provision giving railroad corporations an insurable interest in the property for which they are liable in damages under the statute necessarily operates to restrict the extent of their liability, seems to us to be founded in misapprehension. It assumes that no insurance can be obtained by them except on property exposed to the risk of fire from locomotive engines, of which they have previous notice or knowledge; and, proceeding on this assumption, it is contended that they should not be held liable for the loss of property which is movable or liable to change its situation, and of the existence of which in proximity to their railroad the corporation cannot be supposed to have known. But we know of no reason for such limitation on the power and authority of corporations to procure insurance on property for the loss of which they may be held liable under the statute. On the contrary, we cannot see why they may not protect themselves by policies in an amount sufficient to cover all possible risks to which they may be exposed. No specification of the particular property covered by the insurance would be necessary, as the statute makes their insurable interest commensurate with the risk to which they are liable. The fact of loss by reason of fire communicated by a locomotive engine would therefore be sufficient to establish a right to an indemnity under a contract of insurance entered into in pursuance of the provisions of the statute. For these reasons it seems to us that there is no sufficient reason for exempting the defendants from liability for the destruction of any of the articles belonging to the plaintiff which the jury have found were consumed by a fire caused by one of their engines.

2. The evidence to which the defendants objected was clearly

competent. One of the grounds of defence was, that no sparks of coal from the engine of the defendants could reach the premises of the plaintiff, so as to communicate fire. To meet this position, it was certainly fit and apposite for the plaintiff to prove the physical possibility that fire could be so communicated by showing that on a previous occasion the same engine using the same species of fuel had emitted burning sparks which fell within the enclosure of the plaintiff. Such evidence would have been open to question, if offered solely in support of the plaintiff's case; but it was rendered relevant and material by the ground taken in defence. On the same ground, evidence concerning the emission of sparks from similar engines used on other roads was admissible.

3. The court were not bound to instruct the jury upon an assumed state of facts, in a case where there was a conflict of evidence, and especially where the question of negligence involved a series of complicated facts, that the plaintiff was not entitled to recover. As the case stood before the jury, it was a proper one to be submitted to practical men, having all the facts before them, to determine whether due care had been exercised by the plaintiff. It is only where the facts are undisputed, and taken together they show a clear case of negligence, that the court is bound to instruct the jury that a party having the burden of proof, to establish the use of due and reasonable care, is not entitled to recover.          *Judgment on the verdict.*