JOHN E. INGERSOLL *vs.* STOCKBRIDGE AND PITTSFIELD RAIL .
ROAD COMPANY.
JAMES QUIGLEY *vs.* SAME.

Under the statutes of this commonwealth, a railroad company which has leased its railroad
to another company, with stipulations that the whole transportation of passengers and
freight upon the railroad shall be done by the lessees, is responsible in damages for build-
ings upon its route, which are destroyed by fire communicated by a locomotive engine
owned and used upon the railroad by the latter company. And it is immaterial that one
of the buildings was destroyed by the spreading of the fire from other buildings, and that,
by consent of the railroad company, it stood partly within the location of the railroad.

HOAR, J. These actions are brought to recover compensation
for property destroyed by fire communicated by the locomotive
engines of the defendant corporation ; and are founded upon
the liability created by Gen. Sts. *c.* 63, § 101, which is as fol-
lows : " Every corporation shall be responsible in damages to
any person or corporation whose buildings or other property
may be injured by fire communicated by its locomotive engines ;
and shall have an insurable interest in the property upon its
route, for which it may be so held responsible, and may procure
insurance thereon in its own behalf."

The locomotive engine by which the fire was communicated
was the property of the Housatonic Railroad Company, who
were in possession of the railroad of the defendant corporation
under a lease made in January 1850 ; by which it was stipu-
lated that the whole transportation of passengers and freight
upon the road should be done by the lessees. Whether this
engine is to be deemed the locomotive engine of the defendants,
within the meaning of the section above cited, is the principal
question raised by the bill of exceptions ; and we are all of opin-
ion that it must be so regarded.

It is provided by law that " no locomotive engine or other
motive power shall be allowed to run upon a railroad con-
structed by authority of this state, except such as is owned and
controlled by the corporation owning and managing the road,
unless with the consent of the corporation." Gen. Sts. *c.* 63,
§ 119. By §§ 115 and 116 of the same chapter, corporations

whose roads connect with each other are empowered to contract that either shall perform all the transportation of persons and freight upon and over the road of the other, subject to the qualification that " where such contracts are made, the corporation owning the road shall be liable for all damage done or injury sustained thereon or in the use thereof in the same manner and to the same extent that it would be liable if it performed the transportation itself." These provisions, as they stand in the General Statutes, are clearly broad enough to include the case of injury caused by fire from locomotive engines. But it is argued for the defendants that the last two sections are substantially copied from an earlier statute, ( *St.* 1838, *c.* 99,) passed before the statute which first created the absolute liability of railroad corporations for injuries caused by fire ; ( *St.* 1840, *c.* 85 ;) and that as a matter of construction, therefore, the legislature can not be held to have intended to include in them that species of liability.

The defendants' charter made them expressly subject, not only to all the general laws which had been, but to those which should afterward be passed, relative to railroad corporations. And in *Lyman* v. *Boston & Worcester Railroad,* 4 Cush. 288, it was held that *St.* 1840, *c.* 85, applies to railroads established before as well as since its passage. When a new liability is created by statute, or a new cause of action, resulting from damage done or injury sustained in the use of the road, arises from some new regulation which the legislature have authority to make, there is no reason why this liability or cause of action should not attend those which had existed previously, and devolve upon the corporation owning the road. The defendants had it in their power to indemnify themselves from all responsibilities, present and future, by the covenants in their lease ; and the lease which is produced in the case shows that they have done so effectually.

The locomotive engine from which the fire originated was running upon the defendants' road, with their consent, in the transaction of the business for the accommodation of which their franchise was conferred. If it was run without the

precautions necessary to make it safe to the property of others, we can see no reason why the corporation owning and having the profit of the franchise should not be held primarily responsible, as in other cases of injury to persons and property. It is within the spirit and intent, as well as the letter, of the law.

The case of Quigley differs from that of Ingersoll only in one particular, which is not material. The fire communicated directly from the locomotive to Ingersoll's barn, and spread through an intervening shed, which stood partly upon the railroad location, to the barn of Quigley. *Hart* v. *Western Railroad*, 13 Met. 99. There is nothing in this statement to show that any fault of the plaintiff contributed to the loss, if the buildings were lawfully placed where they stood. The fact that a building or other property stands near a railroad, or partly or wholly on it, if placed there with the consent of the company, does not diminish their responsibility, in case it is injured by fire communicated from their locomotives. The legislature have chosen to make it a condition of the right to run carriages impelled by the agency of fire, that the corporation employing them shall be responsible for all injuries which the fire may cause.                               *Exceptions overruled.*

*J. D. Colt*, (*T. P. Pingree, Jr.*, with him,) for the defendants, cited *Ross* v. *Boston & Worcester Railroad*, 6 Allen, 87; *Martin* v. *Simpson*, Ib. 102; *Lyman* v. *Boston & Worcester Railroad*, 4 Cush. 288; *Hart* v. *Western Railroad*, 13 Met. 99; *Veazie* v. *Penobscot Railroad*, 49 Maine, 119.

*M. Wilcox*, for the plaintiffs, cited *Langley* v. *Boston & Maine Railroad*, 10 Gray, 103; *Clement* v. *Canfield*, 28 Verm. 302; *Nelson* v. *Vermont & Canada Railroad*, 26 Verm. 717; *York, &c. Railway* v. *Winans*, 17 How. (U. S.) 30; *Beman* v. *Rufford*, 1 Sim. (N. S.) 550.