CHICAGO & N. W. RY. CO. v. KENDALL.

(Circuit Court of Appeals, Eighth Circuit. March 9, 1911.)

No. 3,472.

1. CONSTITUTIONAL LAW (§ 246*)—CLASS LEGISLATION—RAILROADS—LIABILITY FOR FIRES.

Rev. Laws Supp. Minn. 1909, § 2041, declaring that every railroad corporation owning or operating a railroad within the state shall be responsible in damages to every person or corporation whose property may be injured or destroyed by fire communicated directly or indirectly by locomotive engines in use on the railroad, and each such railroad corporation shall have an insurable interest in the property upon its railroad route, was not unconstitutional, as arbitrary class legislation.

[Ed. Note.—For other cases, see Constitutional Law, Dec. Dig. § 246.*]

2. DAMAGES (§ 111*)—MEASURE—DESTRUCTION OF BUILDINGS.

In an action against a railroad company for the destruction of buildings along its route by a fire set out by a locomotive, the measure of damages is the value of the buildings detached from the land, and not the difference in the value of the land before and after the destruction of the buildings.

[Ed. Note.—For other cases, see Damages, Cent. Dig. §§ 274–278; Dec. Dig. § 111.*]

3. RAILROADS (§ 481*)—FIRES—DESTRUCTION OF PROPERTY—EVIDENCE.

In an action against a railroad company for destroying plaintiff's buildings, evidence of defendant's station agent, not shown to have had personal knowledge of any fires having been set, that he settled losses claimed to have resulted from fires set by defendant's engines at other places about the same time of year as the fire claimed by plaintiff to have destroyed his buildings, was incompetent.

[Ed. Note.—For other cases, see Railroads, Dec. Dig. § 481.*]

4. EVIDENCE (§ 471*)—OPINION EVIDENCE—CONCLUSIONS.

In an action for loss by fire alleged to have been set out by defendant railroad company, questions asked of defendant's station agent with reference to losses alleged to have been paid by him for other fires, so framed as to call for the witness' conclusion as to whether the claims were based on fires which were set by defendant's engines, were improper.

[Ed. Note.—For other cases, see Evidence, Dec. Dig. § 471.*]

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

In Error to the Circuit Court of the United States for the District of Minnesota.

Action by Joseph B. Kendall against the Chicago & Northwestern Railway Company. Judgment for plaintiff, and defendant brings error. Reversed, and new trial granted.

W. D. Abbott (L. L. Brown and S. H. Somsen, on the brief), for plaintiff in error.

Charles C. Willson, for defendant in error.

Before HOOK, Circuit Judge, and RINER and WM. H. MUNGER, District Judges.

WM. H. MUNGER, District Judge. Plaintiff (defendant in error) was the owner of a brickmaking plant at Byron, Minn., located adjacent to defendant's right of way; said brick plant consisting of buildings, drying sheds, coal and engine house, etc. On the night of September 18, 1909, the same were destroyed by fire claimed to have been communicated by sparks from an engine operated by defendant (a corporation and plaintiff in error) over its line of railroad, and plaintiff brought this action against the defendant to recover his damages caused by such fire.

No claim of negligence on the part of the defendant was alleged in the petition; plaintiff basing his right to recover upon section 2041 of the Revised Statutes of Minnesota, as amended in 1909, which reads as follows:

"Each railroad corporation owning or operating a railroad in this state shall be responsible in damages to every person and corporation whose property may be injured or destroyed by fire communicated directly or indirectly by the locomotive engines in use upon the railroad owned or operated by such railroad corporation, and each such railroad corporation shall have an insurable interest in the property upon the route of the railroad owned or operated by it and may procure insurance thereon in its own behalf for its protection against such damages."

Upon the trial a verdict and judgment was given in favor of plaintiff, to reverse which defendant brings the case to this court.

[1] It is urged that this statute is unconstitutional, "because it is arbitrary class legislation and without any reasonable basis; that it applies only to corporations engaged in the operation of a railway, and does not include individuals, copartnerships, receivers, or trustees, that might be doing identically the same thing with identically the same instrumentalities under identically the same conditions." A similar statute of Missouri was before the Supreme Court in the case of St. Louis & San Francisco Railway Co. v. Mathews, 165 U. S. 1, 17 Sup. Ct. 243, 41 L. Ed. 611, where the same objections were urged. That court, after reviewing many English and American authorities, held the statute constitutional, and quoted with approval the following language from the opinion in Grissell v. Housatonic R. R., 54 Conn. 461, 462, 9 Atl. 140, 1 Am. St. Rep. 138:

"There is no force in the suggestion that the statute under consideration unjustly selects only railroad corporations to bear the burden of an extraordinary risk. It is confined to them, because they alone have the privilege of taking a narrow strip of land from each owner, without his consent, along the route selected for the track, and of traversing the same at all hours of

the day and night, and at all seasons, whether wet or dry, with locomotive engines that scatter fire along the margin of the land taken, thereby subjecting all combustible property to extraordinary hazard of loss, and that, too, for the sole profit of the corporation."

In view of the decision of the Supreme Court in the foregoing case, it must be held that the statute in question is constitutional.

At the close of all of the evidence defendant requested the court to direct a verdict in its favor, which request was refused. As a new trial, for reasons hereafter mentioned, must be had, and the evidence at that time may be somewhat modified, we do not think it profitable to now analyze the evidence found in the record, but content ourselves by saying that, from a full consideration thereof, we think there was sufficient to submit the question to the jury to say whether the fire was caused by sparks from an engine of defendant.

[2] It is insisted that the court erred in permitting plaintiff to show the value of the buildings in their then condition; defendant insisting that the measure of damages was the difference in value of the real estate before and after the destruction of the buildings by the fire. In Thompson on Negligence, vol. 2, p. 1262, it is stated:

"For the purposes of actions for injuries through negligence, many things, which are attached to the realty and a part of it, such as fruit trees, houses, timber, etc., are considered as separate and distinct from it, because they have a value which is distinct from the value of the land. Therefore, where buildings, trees, crops, etc., are destroyed or injured, the proper measure of damages is not the difference in the value of the land before and after the injury, but of the buildings, trees, etc., themselves; and where buildings are destroyed by fire the proper measure of damages is the value of the buildings when destroyed, and not the cost of replacing them, though this may be shown in evidence, in order to enable the jury to arrive at a just estimate of the value."

We are not called upon to affirm the correctness of all stated in the above excerpt. It is quite probable that fruit, ornamental, and shade trees, have no real value detached from the realty, and that for the destruction of such property the measure of damages would be the difference in value of the realty. What we do decide, and all that we decide, is that buildings have a value detached from the realty, and that such value is a proper measure of damages. Matthews v. Mo. Pac. Ry. Co., 142 Mo. 645–664, 44 S. W. 802; White v. C., M. & St. P. Ry. Co., 1 S. D. 326, 47 N. W. 146, 9 L. R. A. 824; Greenfield v. C. & N. W. Ry. Co., 83 Iowa, 276, 49 N. W. 95.

[3] During the trial of the case plaintiff called as a witness the station agent of the defendant located at Rochester, Minnesota, when the following questions and answers were given, each over the objection of the defendant:

"Q. Did you have the business of paying off persons who had lost by fires from engines set on the right of way? A. I have done some of that; yes, sir. Q. Were the fires which consumed the property of adjacent owners, last September, which were assumed and paid for by the railroad company, which were caused by sparks from their engines running upon the road? A. I remember settling at least two claims during the fall of last year, but I don't remember the month in which these fires took place. Q. Who were these people? A. One was a man by the name of Schoonfelt. Q. Were there not two different fires and two different occasions on which you paid him? A. Yes; my recollection is that Schoonfelt's claim covered two losses some-

where near the same dates. That is my recollection. Q. What other? A. I don't remember the other man's name. It was some man living between Chester and Rochester, on the south side of the road. I don't remember the man's name."

This testimony was clearly incompetent. Conceding that it was competent for plaintiff to show that engines of the defendant company had set fires at other places at about the same time of year, as tending to show that the fire in question was set by defendant's engine, it clearly was incompetent to show that defendant had settled claims for fires claimed to have been set by defendant's engines. It was not shown that the witness had personal knowledge of any fires having been set; that he simply settled losses claimed to have resulted from fires set by defendant's engines. Clearly defendant had a right to settle a claim of damages alleged to have been caused by fire, without admitting that it was responsible for such fire.

[4] The questions were framed in a manner to call for the conclusion of the witness as to whether such claims were based upon fires which were set by defendant's engines. The conclusion of the witness in that respect was wholly incompetent. Evidence of other fires could only be established by facts showing that the fires originated from sparks from an engine of the defendant.

Because of the error committed by the court in admitting this evidence, the case is reversed, and a new trial granted.