# THE PITTSBURGH, CINCINNATI, CHICAGO AND ST. LOUIS RAILWAY COMPANY *v.* CHAPPELL.

[No. 22,472. Filed October 7, 1914. Rehearing denied April 13, 1915.]

1. RAILROADS.—*Fires.*—*Statutory Liability.*—*Complaint.*—In an action against a railroad company to enforce the liability imposed by §§5525a, 5525b Burns 1914, Acts 1911 p. 186, for fire communicated by a locomotive engine, the complaint need not charge injury and damage as the result of negligence. p. 143.

2. RAILROADS.—*Fires.*—*Statutory Liability.*—*Construction of Statute.*—*"Company".*—*"Individual".*—The statute imposing a liability on railroad corporations for fires communicated by their locomotives (§§5525a, 5525b Burns 1914, Acts 1911 p. 186), and providing that the term "railroad corporations" shall be deemed to mean all corporations, companies and individuals owning or operating any railroad, is not open to the objection that it does not apply to railroads operated by partnerships, since the word "companies" is broad enough to include all unincorporated associations of persons, and a partnership, not being a legal entity, would be included by that term as well as by the term "individuals". p. 144.

3. CONSTITUTIONAL LAW.—*Railroads.*—*Privileges and Immunities.*—*Equal Protection.*—*Liability of Railroad for Fires.*—The statute imposing a liability on railroad corporations for fires communicated by their locomotive engines (§§5525a, 5525b Burns 1914, Acts 1911 p. 186), is not violative of the privileges and immunities and equal protection provisions of the 14th amendment of the Federal Constitution, or of §23, Art. 1, of the State Constitution, in that it does not impose the same liability upon manufacturers and other users of fire to generate steam power, but the classification made is a proper exercise of the police power delegated to the legislature. pp. 146, 147.

4. CONSTITUTIONAL LAW.—*Railroads.*—*Liability for Fires.*—*Due Process of Law.*—*Obligation of Contracts.*—*Taking Property Without Compensation.*—The statute imposing a liability on railroad corporations for fires communicated by their locomotive engines (§§5525a, 5525b Burns 1914, Acts 1911 p. 186), applies to operators of all railroads without regard to when they were built, and does not contravene either the due process of law provision of the 14th amendment, §21, Art. 1 of the State Constitution forbidding the taking of property without compensation, or the prohibition against laws impairing the obligation of contracts. pp. 146, 147.

5. PROPERTY.—*Right to Property.—Obligations of Ownership.*— Every holder of property holds it under the implied liability that its use may be so regulated as not to encroach injuriously on the equal right of others to enjoy their property, and as not to be injurious to the community. p. 147.

6. CONSTITUTIONAL LAW.—*Obligation of Contracts.—Police Power.*— The rights and privileges arising from contracts with the State are subject to regulations for the protection of the public health, the public morals and the general safety of persons and property, and laws providing such regulations in particular instances are proper exercises of the police power. p. 147.

7. STATUTES.—*Title of Act.—Effect of Partial Invalidity.*—The statute imposing a liability on railroad corporations for fires communicated by their locomotive engines (§§5525a, 5525b Burns 1914, Acts 1911 p. 186), is not invalid on the ground that the proviso relating to contributory negligence is not germane to or embraced in the title, and even were it not so embraced, such proviso would not render the remainder ineffective or incomplete. p. 151.

8. TRIAL.—*Instructions.—"Should".*—The use of the word "should" instead of "may" in an instruction advising the jury that in determining the credibility of witnesses their interest or want of interest may be considered, does not render the instruction fatal. p. 152.

From Jasper Circuit Court; *Charles W. Hanley,* Judge.

Action by Mary M. Chappell against The Pittsburgh, Cincinnati, Chicago and St. Louis Railway Company. From a judgment for plaintiff, the defendant appeals. *Affirmed.*

*G. E. Ross,* for appellant.

*Jasper Guy, Barger & Hicks* and *C. O. Carlson,* for appellee.

Cox, C. J.—Appellee recovered a judgment against appellant for $350 as damage done to a building, owned by appellee and situated adjacent to appellant's railroad, by fire communicated to such building by one of appellant's locomotive engines in use on its railroad. From that judgment this appeal is brought and appellant relies for reversal on assignments of error which involve the sufficiency of appellee's complaint and the correctness of the action of the trial court in instructing the jury and refusing to instruct it as requested by appellant.

Counsel for appellant first assails the complaint for a failure to allege facts showing a specific duty on appellant's part to exercise care to protect appellee's property 1. from fire through the operation of its locomotive and a violation of such duty and, therefore, it is asserted, the complaint is insufficient to charge injury and damage as a result of negligence. This is instantly granted. But appellee's action is not based on negligence. It has for its foundation an act of the General Assembly, approved March 3, 1911. Acts 1911 p. 186, §§5525a, 5525b Burns 1914. On the theory that the complaint was based on that act, the cause was tried. The intent of the act is, obviously, to impose a liability in the absence of negligence on the part of the railroads for injury and damages to the property of others by fire communicated directly or indirectly to it by railroad locomotive engines and to change the heretofore prevailing rule which made railroads- liable in such cases only for a want of due care in the use of their engines.

But assuming that the complaint is based on this act, counsel for appellant advances the claim that the act is unconstitutional and void and can not be made the basis of an action. As the constitutional validity of the act is assailed by counsel in several particulars involving both the title and the body of the act, it is here set out fully: "An act to establish the responsibility of railroads, corporations, companies, and persons owning or operating railroads, for damages by fires communicated by locomotives. Section 1. Be it enacted by the general assembly of the State of Indiana, That each railroad corporation owning or operating a railroad in this state shall be responsible in damages to every person or corporation whose property may be injured or destroyed by fire communicated directly or indirectly by locomotive engines in use upon the railroad owned or operated by such railroad corporations, and each such railroad corporations shall have an insurable interest in the property upon the route of the railroad owned or operated

by it, and may procure insurance thereon in its own behalf for its protection against such damages: *Provided,* In all actions instituted under this act the burden of proving the defense of contributory negligence shall be upon the defendant. Such defense may be proved without special plea: *Provided,* That this act shall not be construed to prevent or affect in any wise fire clauses which may be inserted in contracts between railroad companies and other parties, relative to the construction of and operation over private sidetracks. Section 2. The term 'railroad corporations' contained in this act shall be deemed and taken to mean all corporations, companies and individuals now owning or operating, or which may hereafter own or operate, any railroad within this state."

It is first urged by counsel for appellant that the act is arbitrarily discriminatory and so violates the privileges and immunities and equal protection provisions of the 14th amendment of the Federal Constitution and §23, Art 1, of the Bill of Rights of our own State Constitution. This claim of arbitrary discrimination primarily is based on the assumption that the act does not apply to railroads owned or operated by partnerships while purporting to bind all railroads otherwise owned or operated. There is nothing in the act on which serious claim that railroads owned or operated by a partnership are excluded from the burdens of the act. The words of the act, title and purview, are unusually specific, and explanatory of the legislative intent to apply the new rule of liability to all railroads using fire in their locomotive engines to generate the power to move them. The fact that the term "partnerships" is not used can not serve to exclude or relieve any railroad so owned or operated. Both the words "corporations" and "companies" are used in the title and in §2 of the act and the latter must be taken to refer to unincorporated associations of persons or partnerships as distinguished from corporations. *State* v. *Krasher* (1908), 170 Ind. 43, 83 N. E.

Pittsburgh, etc., R. Co. *v.* Chappell—183 Ind. 141.

498.   Moreover the words "persons" and "individuals" as used in the act are inclusive of partnerships.  A partnership is not a legal entity.  It was said by this court in *State* v. *Krasher, supra,* 47:  "Expressions to that effect are not infrequently found in the cases, but it appears clear to us that in thus speaking the courts have referred to partnerships as legal entities merely as a term of accommodation, where there was under consideration some question as to the rights of the partners *inter se,* or of the derivative rights of creditors growing out of the equities of the partners.  Such statements can not be accepted as affording a sufficient foundation for the view that a partnership is not composed of its individual members.   The subject is carefully discussed in 22 Am. and Eng. Ency. Law (2d ed.) 75, where it is said:  'Though by a legal fiction a corporation is regarded as a legal person or entity, separate and distinct from its members or stockholders, yet in the case of partnerships, at least at common law, exactly the reverse is held, and a firm, as such, is not regarded as having any legal existence apart from the members composing it.   In accordance with this rule, what is called the property of the firm is the property of the individual partners, and what are called the debts of the firm are the debts of the partners. * * * Notwithstanding the nonrecognition of the firm as a distinct legal entity, it is convenient, if not indispensable, for many purposes to personify the firm, and it is usual, whenever the collective rights and liabilities of the partners are the only immediate thing that need be considered, to use the terms "firm" or "partnership" as symbols to designate the aggregate whole as distinguished from the individual partners.   It is merely a convenient mode of expression, which simplifies business operations and legal reasoning'."  The act does not exclude railroads owned or operated by partnerships and does not, in this respect, give reason for appellant's claim of unwarranted discrimination.

The further claim is made that these same constitutional provisions are violated in that the law is made to burden railroads with a liability which is not also imposed on those persons and corporations owning or operating factories, mills, traction engines and others using fire to generate steam for power.  Answering this claim with at least as much particularity as it is made by counsel, it is only necessary to say that a reason for the selection of railroads as a class on which to place this particular liability, from all others using fire to generate steam for power, is so obvious as to make the classification fall easily within the police power which is delegated to the legislature.

Counsel's main reliance seems to be placed on the contention that as the law of this State under which appellant's railroad was built and put in operation (subd. 8, §5195 Burns 1908, §3903 R. S. 1881), authorized it to use locomotive engines propelled by steam power generated by fire, and as the law as declared by this court made it liable for damages caused by fire resulting from the use of its engines only in the event of negligence, the act before us, unless held to apply only to railroads built and put in operation after the act took effect, must be held to violate the due process clause of the 14th amendment, §21, Art. 1, of the Bill of Rights of our State Constitution which forbids the taking of property by law without compensation and those provisions of our State and Federal Constitutions which forbid laws impairing the obligations of contracts. State Constitution, Art. 1, §24; Federal Constitution, Art. 1, §10.  It is clear that the act applies to all railroads which now or hereafter may operate in the State without regard to the time they were built and put in operation and can not be held to fasten the liability created only on those railroads built and put in operation after the act became a law.

The inquiry then arises whether there is any merit in the contention of appellant's counsel.  A long and firmly settled principle of law which has grown out of a well ordered civil

society is that every holder of property, however 5. absolute and unqualified may be his title, holds it under the implied liability that his use of it may be so regulated that it shall neither encroach injuriously on the equal enjoyment of their property by others who have an equal right to the enjoyment of their property, nor be injurious to the community. The law is also so fixedly settled as to be beyond controversy that rights and privileges 6. arising from contracts with a state are subject, to regulations for the protection of the public health, the public morals and the general safety of persons and property, in the same sense as are all contracts and all property whether owned by private persons or by corporations. Laws carrying these principles into effect in particular instances are but a proper exercise of the police power by the legislature and are not to be hindered or overthrown by the constitutional limitations named as is claimed by counsel. Indeed the legislature can not contract away its police power— the power to legislate for the protection of the lives, health, and property of the citizens of the State.

Laws similar to the act of 1911 have been passed in many states. Some of them bear more heavily on the railroads than this one. One in Massachusetts which provides 3. that the liability of the railroads for damages to property from fires caused by the operation of railroad locomotive engines shall be absolute has been in force 4. since 1840. Such laws have been uniformly sustained when their constitutional validity has been assailed and in no instance has such a law been declared subject to any constitutional infirmity or held invalid when applied to railroads incorporated before or after its enactment. *Hart* v. *Western R. Co.* (1847), 54 Mass. 99, 46 Am. Dec. 719; *Lyman* v. *Boston, etc., R. Co.* (1849), 58 Mass. 288; *Ross* v. *Boston, etc., R. Co.* (1863), 88 Mass. 87; *Ingersoll* v. *Stockbridge, etc., R. Co.* (1864), 90 Mass. 438; *Perley* v. *Eastern R. Co.* (1868), 98 Mass. 414, 96 Am. Dec. 645; *Chapman* v. *Atlan-*

*tic, etc., R. Co.* (1854), 37 Me. 92; *Pratt* v. *Atlantic, etc., R. Co.* (1856), 42 Me. 579; *Stearns* v. *Atlantic, etc., R. Co.* (1858), 46 Me. 95; *Thatcher* v. *Maine Cent. R. Co.* (1893), 85 Me. 502, 27 Atl. 519; *Sherman* v. *Maine Cent. R. Co.* (1894), 86 Me. 422, 30 Atl. 69; *Hooksett* v. *Concord R. Co.* (1859), 38 N. H. 242; *Rowell* v. *Railroad Co.* (1876), 57 N. H. 132, 24 Am. Rep. 59; *Smith* v. *Boston, etc., R. Co.* (1884), 63 N. H. 25; *Grissell* v. *Housatonic R. Co.* (1887), 54 Conn. 447, 9 Atl. 137, 1 Am. St. 138; *Martin* v. *New York, etc., R. Co.* (1892), 62 Conn. 331, 25 Atl. 239; *Rodemacher* v. *Milwaukee, etc., R. Co.* (1875), 41 Iowa 297, 20 Am. Rep. 592; *Union Pac. R. Co.* v. *DeBusk* (1889), 12 Colo. 294, 20 Pac. 752, 13 Am. St. 221, 3 L. R. A. ·350; *Atchison, etc., R. Co.* v. *Matthews* (1897), 58 Kan. 447, 49 Pac. 602; *Union Pac. R. Co.* v. *Arthur* (1892), 2 Colo. App. 159, 29 Pac. 1031; *Gorham Mfg. Co.* v. *New York, etc., R. Co.* (1905), 27 R. I. 35, 60 Atl. 638; *McDonald* v. *New York, etc., R. Co.* (1902), 23 R. I. 558, 51 Atl. 578; *Baltimore, etc., R. Co.* v. *Kreager* (1899), 61 Ohio St. 312, 56 N. E. 203; *St. Louis, etc., R. Co.* v. *Shore* (1909), 89 Ark. 418, 117 S. W. 515, 16 Ann. Cas. 939, note; *Jensen* v. *South Dakota Cent. R. Co.* (1910), 25 S. D. 506, 127 N. W. 650, Ann. Cas. 1912 C 700, 35 L. R. A. (N. S.) 1015, note; *Choctaw, etc., R. Co.* v. *Alexander* (1897), 7 Okl. 579, 52 Pac. 944; *McCandless* v. *Richmond, etc., R. Co.* (1892), 38 S. C. 103, 16 S. E. 429, 18 L. R. A. 440; *Mobile Ins. Co.* v. *Columbia, etc., R. Co.* (1893), 41 S. C. 408, 19 S. E. 858, 44 Am. St. 725; *Brown* v. *Carolina Midland R. Co.* (1903), 67 S. C. 481, 46 S. E. 283, 100 Am. St. 756; *Mathews* v. *St. Louis, etc., R. Co.* (1894), 121 Mo. 298, 24 S. W. 591, 25 L. R. A. 161, note; *Lumbermen's Mut. Ins. Co.* v. *Kansas City, etc., R. Co.* (1899), 149 Mo. 165, 50 S. W. 281; *Chicago, etc., R. Co.* v. *Kendall* (1911), 186 Fed. 139, 108 C. C. A. 251; *Grand Trunk R. Co.* v. *Richardson* (1875), 91 U. S. 454, 472, 23 L. Ed. 356; *St. Louis, etc., R. Co.* v. *Mathews* (1897), 165 U. S. 1, 17 Sup. Ct. 243, 41 L. Ed. 611; *Atchison, etc., R. Co.* v. *Matthews* (1899), 174 U.

S. 96, 19 Sup. Ct. 609, 43 L. Ed. 909; 3 Elliott, Railroads (2d ed.) §§1222, 1223; 33 Cyc. 1327.

In *Mathews v. St. Louis, etc., R. Co., supra,* the supreme court of Missouri upheld the constitutional validity of an act almost identical in its terms with the act under consideration except that it did not contain any provision for the defense of contributory negligence such as is injected into our act by the first proviso in §1. The provisions of the Missouri statute authorizing the building and operation of railroads and the use of steam motive power were not different from ours. It was held by that court that the act imposed an absolute liability for damages to property by fires caused by the operation of locomotive engines to which contributory negligence was not made a defense, and that it was a valid exercise of the police power of the state. The case went by appeal to the Supreme Court of the United States where it was adjudged that no provisions of the Federal Constitution were infringed by the act. *St. Louis, etc., R. Co. v. Mathews, supra.* Such a law had before been assumed to be valid by that court but the question had not before been directly raised. *Grand Trunk R. Co. v. Richardson, supra.* In the opinion of the court written by Mr. Justice Gray, the law relating to liability for damages from escaping fire generally, and particularly fires from railroad locomotive engines was reviewed and the following conclusions were stated: "First. The law of England, from the earliest times, held any one lighting a fire upon his own premises to the strictest accountability for damages caused by its spreading to the property of others. Second. The earliest statute which declared railroad corporations to be absolutely responsible, independently of negligence, for damages by fire communicated from their locomotive engines to property of others, was passed in Massachusetts in 1840, soon after such engines had become common. Third. In England, at the time of the passage of that statute, it was undetermined whether a railroad corporation, without negligence,

was liable to a civil action, as at common law, for damages
to property of others by fire from its locomotive engines;·
and the result that it was not so liable was subsequently
reached after some conflict of judicial opinion, and only
when the acts of Parliament had expressly authorized the
corporation to use locomotive engines upon its railroad, and
had not declared it to be responsible for such damages.
Fourth.   From the time of the passage of the Massachusetts
statute of 1840 to the present time, a period of more than
half a century, the validity of that and similar statutes has
been constantly upheld in the courts of every State of the
Union in which the question has arisen.   *   *   *   The mo-
tives which have induced, and the reasons which justify, the
legislation now in question, may be summed up thus:  Fire,
while necessary for many uses of civilized man, is a dan-
gerous, volatile and destructive element, which often escapes
in the form of sparks, capable of being wafted afar through
the air, and of destroying any combustible property on which
they fall; and which when it has once gained headway, can
hardly be arrested or controlled.   Railroad corporations, in
order the better to carry out the public object of their crea-
tion, the sure and prompt transportation of passengers and
goods, have been authorized by statute to use locomotive
engines propelled by·steam generated by fires lighted upon
those engines.   *   *   *   The right of the citizen not to
have his property burned without compensation is no less
to be regarded than the right of the corporation to set it on
fire.   To require the utmost care and diligence of the rail-
road corporations in taking precautions against the escape
of fire from their engines might not afford sufficient pro-
tection to the owners of property in the neighborhood of
the railroads.   When both parties are equally faultless, the
legislature may properly consider it to be just that the duty
of insuring private property against loss or injury caused
by the use of dangerous instruments should rest upon the
railroad company, which employs the instruments and

creates the peril for its own profit, rather than upon the owner of the property, who has no control over or interest in those instruments. The very statute, now in question, which makes the railroad company liable in damages for property so destroyed, gives it, for its protection against such damages, an insurable interest in the property in danger of destruction, and the right to obtain insurance thereon in its own behalf; and it may obtain insurance upon all such property generally, without specifying any particular property. *Eastern Railroad Co.* v. *Relief Fire Ins. Co.* [1868], 98 Mass. 420. The statute is not a penal one, imposing punishment for a violation of law; but it is purely remedial, making the party doing a lawful act for its own profit, liable in damages to the innocent party injured thereby, and giving to that party the whole damages, measured by the injury suffered. *Grand Trunk R. Co.* v. *Richardson* [1876], 91 U. S. 454, 472 [23 L. Ed. 356]; *Huntington* v. *Attrill* [1892], 146 U. S. 657 [13 Sup. Ct. 224, 36 L. Ed. 1123]. The statute is a constitutional and valid exercise of the legislative power of the State, and applies to all railroad corporations alike. Consequently, it neither violates any contract between the State and the railroad company, nor deprives the company of its property without due process of law, nor yet denies to it the equal protection of the laws.''

It is apparent that appellant's assaults on the constitutionality of the act in the particulars named are without support in reason, principle or precedent.

The further contention is advanced in behalf of appellant that the act of 1911 must be declared null, because, it is insisted, the proviso in §1 relating to contributory 7. negligence and the burden of proving it is not within the title of the act, and that therefore §19, Art. 4, of our Constitution is violated. If the title of the act were conceded to be not sufficiently comprehensive to include this proviso this would not aid appellant. The act with the pro-

viso eliminated would be complete, sensible and capable of being executed against all alike and in such case would stand though the matter contained in the proviso was not a valid enactment. *State* v. *Barrett* (1909), 172 Ind. 169, 174, 87 N. E. 7, and cases there cited. But we find no substance in the claim that the proviso is not germane to the subject-matter expressed in the title of the act. *State* v. *Closser* (1913), 179 Ind. 230, 99 N. E. 1057.

Among others the court gave a general instruction relating to the credibility of witnesses and in it told the jury "in determining the weight given to the testimony 8. of the different witnesses you should take into account the interest or want of interest they have in the case," etc. It is urged that the use of the word "should" instead of "may" invaded the province of the jury and was error for which the judgment should be reversed. It has frequently been decided otherwise. *Tippecanoe Loan, etc., Co.* v. *Jester* (1913), 180 Ind. 357, 101 N. E. 915, and cases there cited.

Other questions arising on the instructions which are presented in appellant's behalf have either been disposed of by what has been determined in considering the validity of the act of 1911 or are not available to appellant for the reason that the evidence has not been brought before us. No error in the trial has been established and the judgment is affirmed.

Note.—Reported in 106 N. E. 403. As to the validity of statutes imposing on railroad companies liability for fires, see 42 Am. St. 538. As to the constitutionality of statute imposing absolute liability for fires set by locomotive, see 25 L. R. A. 161; 35 L. R. A. (N. S.) 1016; 16 Ann. Cas. 941. See, also, under (1) 33 Cyc. 1354; (2) 8 Cyc. 399; (3) 8 Cyc. 1043; (4) 8 Cyc. 1099; (5) 8 Cyc. 1094; (6) 8 Cyc. 974; (7) 36 Cyc. 1028, 1033; (8) 38 Cyc. 1598.